TRAVELERS' INSURANCE CO. V. MCCARTHY.

1. ACCIDENT INSURANCE — INTENTIONAL ACT OF ANOTHER.— A clause
   in an accident insurance policy exempting the company from liabil-
   ity for "intentional injuries inflicted by the insured or any other per-
   son" precludes a recovery when the insured has been killed by the
   intentional act of another, and the company need not show that such
   injuries were inflicted at the instance of the insured.
2. PLEADING — SUFFICIENT STATEMENT OF DEFENSE.— An answer by
   the insurance company that the death of the insured was caused by
   intentional injuries inflicted by another person, during a personal
   altercation between the latter and the insured, states a complete de-
   fense to an action on the policy.

*Appeal from Lake County Court.*

Messrs. MARKHAM & DILLON, for appellant.

Messrs. J. L. MURPHY and BROWNE & PUTNAM, for ap-
pellee.

RICHMOND, C.  This is a suit upon what is commonly called
an "accident policy of insurance." There was a judgment
against the company for the sum of $1,016.67, besides costs.
The case is here upon alleged errors of law committed by
the court in sustaining a demurrer to defendant's answer.
The policy sued upon by its terms insured the life of John
F. McCarthy in the sum of $1,000, to be paid to his wife,
Julia McCarthy, if surviving, within ninety days after suf-
ficient proof that the insured, at any time within the con-
tinuing of the policy, shall have sustained bodily injuries,
effected through external, violent or accidental means,
within the intent and meaning of the contract. The policy
of insurance is set out in the complaint *in hæc verba,* and
contains the following clause:

"This insurance does not cover disappearances; nor in-
juries of which there is no visible mark upon the body; nor
accident nor death or injury resulting wholly or partly, di-
rectly or indirectly, from any of the following causes, or
while so engaged or affected: Suicide, sane or insane; in-

tentional injuries (inflicted by the insured or any other person); intoxication or narcotics; dueling or fighting, war or riot."

In addition to the usual allegations in actions upon such policies, the plaintiff sets out in the complaint that on the 3d day of November, A. D. 1886, and while said insurance policy was in full force, and while the said insured was in the peace of the state, he received a personal injury which caused his death within ninety days thereafter, and on the day aforesaid, and that said injury which caused his death was through external, violent and accidental means, within the meaning of the said policy of insurance, and the conditions and agreements therein contained, to wit, by being shot by a leaden bullet from a pistol loaded with powder and leaden bullets in the hands of one Daniel Monahan, and while the said insured, John F. McCarthy, was standing on the public highway, near the town limits of the said city of Leadville, in the county of Lake and state of Colorado.

To the complaint the defendant answers, and denies that the death of the insured was occasioned by bodily injuries affected through external, violent and accidental means, within the meaning of the contract of insurance; that death was caused by intentional injuries inflicted by Daniel Monahan while said Daniel Monahan and the said John F. McCarthy were engaged in a personal altercation. Much else is set up in the answer, but for the purposes of this opinion it is unnecessary for us to quote further. The main contention between the parties to this action is raised by the demurrer to the answer, to the effect that the answer does not state facts sufficient to constitute a defense. The contention of the appellant is that the court erred in sustaining the demurrer; that the averment in the answer that the death of the insured was not accidental, but the result of an intentional injury inflicted by the said Daniel Monahan, was a good defense, and the company were not liable. The contention of the appellee is that the terms of the policy do not preclude a recovery; that the words "in-

tentional injury inflicted by another person," mentioned in the policy, mean intentional injuries inflicted by the said insured, or injuries inflicted intentionally by another person through the procurement or consent of the insured. The exception in the insurance policy upon which appellant's rely, heretofore recited, is as follows: "Intentional injuries inflicted by the insured or any other person." If the fact be that this clause precludes a recovery when the injured individual has been killed or injured by the intentional act of another, or, in other words, if it precludes the idea that death or injury was the result of accident, then certainly the contention of appellant is correct, and plaintiff cannot recover. Happily we have very recent adjudications cov-ering the construction of the identical clause here under consideration.

In the case of *Insurance Company v. McConkey*, 127 U. S. 661, decided subsequent to the institution of this particular action, Mr. Justice Harlan, in passing upon this question, said: "The policy expressly provides that no claim shall be made under it where the death of the insured was caused by intentional injuries inflicted by the insured or any other person. If he was murdered, then his death was caused by intentional injuries inflicted by another person. Neverthe-less, the instructions to the jury were so worded as to con-vey the idea that, if the insured was murdered, the plaintiff was entitled to recover; in other words, even if death was caused wholly by intentional injuries inflicted upon the in-sured by another person, the means used were 'accidental' as to him, and the company was liable. This was error. Upon the whole case, the court is of the opinion that, by the terms of the contract, the burden of proof was upon the plaintiff, under the limitations we have stated, to show, from all the evidence, that the death of the insured was caused by external violence and accidental means; also that no valid claim can be made under the policy, if the insured, either intentionally or when insane, inflicted upon himself the injuries which caused his death, or if his death was

caused by intentional injuries inflicted upon him by some other person."

In the case of *Hutchcraft's Ex'r v. Insurance Co.* 87 Ky. 301, the court, in construing a proviso like the one under consideration in the case before us, says: "The remaining clause stipulates for a further exemption of appellant's liability in the event that intentional injuries are inflicted upon the insured by himself or any other person.

" It is contended by appellant that the meaning of this clause is that, if the insured intentionally inflicted injuries upon himself, or if any other person intentionally inflicted injuries upon him with his consent or at his instance, then the appellee should not be liable. A moment's reflection will show that the clause will not admit of this construction. The clause, when placed in juxtaposition with its antecedent, reads as follows: 'No claim shall be made under this ticket when the death may have been caused by intentional injuries inflicted by the insured or by any other person.' This sentence, though awkwardly expressed, is complete, and fairly expresses the idea that, if the insured intentionally injures himself by the infliction of bodily wounds from which he dies, he thereby breaks the condition of the policy, or that if he is intentionally injured by any other person by the infliction of bodily wounds from which he dies, the condition of the policy is thereby broken; therefore to add the words 'with his consent' or 'at his instance' would have the effect of torturing the meaning of the language used beyond its legitimate import."

We quote thus extensively from these opinions because they clearly and concisely state, perhaps in better language than we are capable of doing, the exact conclusion of our minds with reference to the clause in the policy mentioned in the complaint and answer. We cannot accept the conclusion reached by the court below or that forced upon our attention by the appellee in the argument. It requires no extended reasoning to illustrate the purpose of the language of the policy referred to in the answer and relied

upon as a defense. There is a vast difference between an intentional injury and an accidental injury. Against accidental and violent injuries the policy provided, but there it stopped, and the company limited its liability by distinctly specifying that, when injury or death resulted from intentional injuries inflicted by another, they were duly excepted from the operation of the policy. It is averred in the answer that the death of the insured resulted from the intentional act of the said Daniel Monahan. This we think was quite sufficient to maintain the contention of the defendant; that is, that the answer was a complete and absolute defense to the cause of action stated in the complaint. The demurrer to the answer should have been overruled. We are of the opinion that the judgment of the court below should be reversed and the cause remanded for further proceedings.

REED and BISSELL, CC., concurring.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*