## Railway Officials and Employes' Accident Association v. Rose McCabe.

1. ACCIDENT INSURANCE—*No Recovery Where the Insured is Intentionally Killed.*—Under a policy of accident insurance providing that it shall not cover injuries nor death resulting from the intentional act of any person, no recovery can be had where the insured was intentionally killed.

**Assumpsit**, on a policy of accident insurance. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1895. Reversed. Opinion filed December 10, 1895.

WHEELER & HUNTER, attorneys for appellant.

H. L. RICHARDSON and E. E. DAY, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit upon an accident insurance policy issued to her son, John H. McCabe, and recovered a judgment in the Circuit Court against appellant for $1,000, the amount of the policy.

McCabe met his death on the night of July 2, 1894, while on a drunken spree with a woman, at a low dive on State street, Chicago, where he was intentionally shot and killed by a negro, with whom he had had some words a few moments before.

The risk assumed is limited by the terms of the policy to physical bodily injury, inflicted by accidental means. It is expressly provided that the insurance shall not cover injuries nor death resulting from the intentional act of any person. Under the terms of such a policy there can be no recovery where the insured was intentionally killed. United States Mutual Accident Association v. Millard, 43 Ill. App. 149; Travelers Insurance Company v. McConkey, 127 U. S. 661.

It is insisted that the negro mistook McCabe for some

other man when he shot, and that therefore the killing was an accident. The evidence does not support such a contention. The negro first struck McCabe, and when he turned, the negro fired. There is no evidence to show that the negro had any feeling toward any one but McCabe, or that he intended to assault any other person.

It is not necessary to consider errors in the giving of instructions. Appellee has no case on the facts. Judgment reversed.

FINDING OF FACTS TO BE INCORPORATED IN THE JUDGMENT.

We find that John H. McCabe, the insured, did not come to his death by accidental means, but was intentionally killed by a third person; that the policy of insurance sued upon does not cover injuries or death inflicted by intentional means, and that appellee, the plaintiff in the Circuit Court, has no cause of action against appellant.