TRAVELERS' PROTECTIVE ASS'N OF AMERICA v. LANGHOLZ.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1898.)

No. 618.

INSURANCE—INTENTIONAL INJURY.

Where a policy of insurance provides, "The member hereby agrees that the Travelers' Protective Association shall not be liable for death when caused by intentional injuries inflicted by the member or any other person," and the proof shows the insured was murdered, his death was caused by intentional injuries, and no recovery can be had.

In Error to the Circuit Court of the United States for the Western District of Texas.

Henry T. Kent, for plaintiff in error.

Houston & Houston, for defendant in error

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

SWAYNE, District Judge. This was a suit brought by the defendant in error, Matilda Langholz, in the district court, Forty-Fifth district, of Bexar county, Tex., on March 20, 1896, and removed by the plaintiff in error to the United States circuit court for the Western district of Texas on the 22d of May, 1896. The action is upon a policy of life and accident insurance issued by the plaintiff in error corporation to Charles J. Langholz. The petition upon which the cause went to trial alleges that the plaintiff below was a feme sole; that the defendant below is a corporation of the state of Missouri; that the said Charles J. Langholz was the son of the plaintiff below, and became a member of the said corporation defendant, and became entitled to have said defendant issue to him a certain policy of insurance upon his life, the benefits of which, in case of death, were payable to the plaintiff below, by which policy she would be entitled to $5,000. She then set out the policy of insurance or certificate of membership in hæc verba, with the indorsements upon the back thereof. She further alleges that her said son, Charles J. Langholz, on or about the 9th day of June, 1895, came to his death by accident, within the meaning and provisions of the said certificate of membership or policy of insurance; and she further alleges in this connection that her said son was murdered on said date, in the state of Texas, by one John Taylor, being

shot through the head with a Winchester rifle, from which his death resulted immediately; and she further alleges full compliance by her said son with all the requirements and conditions of said policy of insurance, and all of the rules indorsed thereon, which latter are as follows:

"The member hereby agrees that the following rules shall be observed: That the Travelers' Protective Association of America shall not be liable for injuries incurred by a member in occupation more hazardous than specified in his application for membership, or in case of injuries, fatal or otherwise, wantonly or intentionally inflicted upon himself while sane or insane, or in case of disappearance, or injuries of which there is no visible mark upon the body (the body itself not being deemed such a mark in case of death), or in case of injury, disability, or death happening to the member while intoxicated, or in consequence of his having been under the influence of any narcotic or intoxicant, or death or disability when caused wholly or in part by any bodily or mental infirmity or disease, dueling, fighting, wrestling, war or riot, injury resulting from an altercation or quarrel, unnecessary lifting, voluntary exertion (unless in a humane effort to save human life), voluntary or unnecessary exposure to danger, or to obvious risk of injury, or by intentional injuries inflicted by the member, or any other person, injury received either while avoiding or resisting arrest, while violating the law or violating the ordinary rules of safety of transportation companies, or riding on a locomotive, or to cases of injury caused by the diseases of epilepsy, paralysis, apoplexy, sunstroke, freezing, orchitis, hernia, fits, lumbago, vertigo, or by sleepwalking, voluntary inhalation of any gas or vapor, injury fatal or otherwise, resulting from any poison or infection, or from anything accidentally or otherwise taken, administered, absorbed, or inhaled, disease, death, or disability resulting from surgical treatment (operation made necessary by the particular injury for which claim is made, and occurring within three calendar months from the date of the accident, excepted)."

Due proof of death was presented, and claim was made on defendant below for $5,000. She also claimed the sum of 12 per cent. statutory damages, and $1,500 as reasonable attorney's fees, to which the defendant below filed a general demurrer, and also a special demurrer to the claim of 12 per cent. damages and attorney's fee. At the same time it filed the following answer:

"The defendant further excepts specially to the allegation in the said amended petition that the death of Charles J. Langholz was not caused by 'intentional injuries inflicted by himself or any other person, received either while avoiding or resisting arrest, while violating the law, or violating the ordinary rules of safety of transportation companies,' as alleged in the fifth page of said amended petition, because said allegations are immaterial and irrelevant, under the rules indorsed on the back of the certificate of insurance, as shown on the third page of said amended petition. Of this the defendant prays the judgment of the court."

The special demurrer was sustained by the court, but the general demurrer was overruled, to which the defendant below excepted, when, upon an agreed state of facts, and the jury having been waived, the cause was submitted to the court below, which found in favor of the plaintiff for $5,000, with interest from September 22, 1895, and entered judgment accordingly, from which the defendant below appeals, and brings the cause here upon the following assignments of error:

"First. The court erred in overruling the defendant's general demurrer to the plaintiff's first amended original petition, because said amended original petition showed no cause of action on its face, in this: That it is alleged that Charles J. Langholz came to his death by intentional injuries inflicted upon him by another, and the certificate of insurance, insuring the said Charles J. Langholz, which was fully set out in the said amended original petition, showed that the defend-

ant was not liable in case of death so occurring, which error is set out in defendant's bill of exception No. 1. Second. The court erred in giving judgment for the plaintiff and against the defendant, because the special findings of fact made by the court show that said Charles J. Langholz was intentionally murdered by one John Taylor, and that the certificate of insurance set out in said special findings exempted the defendant from liability from death so occurring; and that the judgment should have been given to the defendant upon the said special findings, which error is set out in defendant's bill of exception No. 2."

It is evident from the rules set out on the back of the policy, as well as from the wording in the body thereof, it was issued as an accident policy only; hence the many conditions or causes of death or injury named in which the company should not be liable. One of these, reading as required by the grammatical construction of the paragraph, and omitting that part not pertinent to this case, is as follows:

"The member hereby agrees that the Travelers' Protective Association of America shall not be liable for * * * death, * * * when caused by intentional injuries inflicted by the member or any other person."

The statement of facts in this case agreed on, and the findings of the court, show the insured to have been murdered (that is, intentionally injured by another person); and under the construction put upon identically the same language in Insurance Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360, the plaintiff cannot recover. In that case Justice Harlan, speaking for the court, said:

"We are, however, of the opinion that the instructions of the jury were radically wrong in one particular. The policy expressly provides that no claim shall be made under it when the death of the insured was caused by intentional injuries inflicted by the insured or any other person. If he was murdered, then his death was caused by intentional injuries inflicted by another person. Nevertheless, the instructions to the jury were so worded as to convey the idea that, if the insured was murdered, the plaintiff was entitled to recover; in other words, even if the death was caused by wholly intentional injuries inflicted upon the insured by another person, the means used were 'accidental' as to him, and therefore the company was liable."

This is the only case cited bearing upon the question at bar from the supreme court. It is controlling here, and, as we fully agree with and follow it, we must reverse and remand this case, with instructions to the court below to enter judgment for defendant below.