## TRAVELERS PROTECTIVE ASSOCIATION OF AMERICA *v.* FAWCETT, GUARDIAN.

[No. 8,256.  Filed April 22, 1914.]

1. PLEADING.— *Complaint.— Sufficiency.— Exhibits.— Reference to Exhibit in Insufficient Paragraph.*—Sustaining a demurrer to a paragraph of complaint containing an exhibit, does not take the exhibit out of the case so as to render another paragraph insufficient which merely incorporated the exhibit by reference.  p. 114.

2. INSURANCE. — *Accident Insurance. — Benefit Certificate. — Construction.*—A provision in a certificate of insurance, providing for the payment of an indemnity in case of accidental injury and for the payment of a specified sum on the death of the insured by accidental means, that an injury received by a member in an attempt to rob him shall be considered an accident creating a liability for payment of the weekly indemnity only for a period not exceeding ten consecutive weeks, as in the case of an accidental injury received in any other manner, applies to injuries that do not prove immediately fatal, but does not apply to a case where an injury inflicted in an attempt to rob proves instantly fatal.  p. 115.

3. INSURANCE.—*Accident Insurance.—"Disabled".*—As the term is ordinarily used in contracts of accident insurance, a person is "disabled" when he is so injured as to be incapacitated from following his ordinary business, but still lives, and death is not to be regarded as a disability either permanent or otherwise. p. 115.

4. INSURANCE.— *Accident Insurance.— "Accident".— Murder.*—The word "accident" in a certificate of insurance providing for the payment of weekly indemnity in case of accidental injury, and the payment of a specified sum on death of the insured from accident, means an event which takes place without expectation or foresight, so that where one is murdered without fault his death is an accident.  p. 116.

5. INSURANCE. — *Accident Insurance. — Action on Policy. — Complaint.—Sufficiency.*—A complaint on a policy of insurance providing for the payment of weekly benefits in case of accidental injury, and for the payment of a specified sum on death of the assured by accidental means, alleging that the assured, while standing in his place of business, was shot through the body by a ball from a pistol and thereby instantly and accidentally killed by a person intending robbery, sufficiently charged that the death was accidental within the terms of the policy.  p. 116.

6. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer to Answer.*—In an action on an insurance policy, where defendant

was permitted to prove under the general denial without objection matters alleged in a special paragraph of answer, the sustaining of a demurrer to such answer, even if erroneous, was harmless.    p. 116.

7.  INSURANCE.—*Accident Insurance—Trial.—Findings.*—In an action on an insurance policy providing for the payment of a specified sum on death of assured from accidental means, a finding that while the assured, who was a cashier of a bank, stood in the bank with other officers, a third person intent on robbery entered and began shooting a pistol aimlessly, promiscuously and indiscriminately and accidentally and unintentionally shot and instantly killed the assured and seriously wounded another officer, was not objectionable as being a conclusion that assured's death was accidental and unintentional, since intention when material is a pure question of fact.    p. 117.

8.  INSURANCE.—*Accident Insurance.—Accidental Death of Insured. —Evidence.—Sufficiency.*—In an action on a certificate of insurance providing for the payment of a specified sum on the death of insured from accidental means, evidence showing that while insured was standing in his bank in company with other officers of the institution, an unknown man entered for the purpose of robbery, that the vault was open and those in the room were commanded to enter the vault, that they partly complied by standing closely together near the door of the vault, that the stranger then commenced to shoot with a revolver in each hand, firing promiscuously and indiscriminately about the room, that two shots struck insured, killing him instantly, and showing insured had provoked no quarrel with the stranger and did nothing to bring on the shooting, was sufficient to support a finding that the insured's death was accidental and unintentional within the meaning of the policy.    pp. 118, 122.

9.  INSURANCE.—*Accident Insurance.—Infliction of Injury by Third Person—Intent.*—In determining whether an injury inflicted by a third person upon one who was insured against accidental injuries was intended by such third person, the intention of such third person is alone material, though in determining whether the injury was an accident within the meaning of the policy the intention of the insured with reference thereto may be material.    p. 119.

10.  INSURANCE. — *Accident Insurance. — Infliction of Injury by Third Person.—Intent.—Presumptions.*—While it is the general rule that a person is presumed to intend the usual and ordinary consequences of his act, such presumption applies where the rights of him who does the act are involved either in a criminal or civil proceeding, but where a person, insured under an accident policy which exempted the insurer from liability for in-

tentional injuries inflicted by a third person, was shot by a stranger who fired several shots in an indiscriminate and promiscuous manner while attempting to rob a bank, the presumption that such stranger intended to injure assured could not prevail to defeat recovery under the policy, but the insurer had the burden of proving that the injury was intentionally inflicted. pp. 120, 121.

11.  INSURANCE—*Accident Insurance.—Contracts.—Construction.—* *"Intentional Injuries".*—"Intentional injuries" inflicted by another upon a person insured under an accident policy exempting the insurer from liability for injuries intentionally inflicted by a third person, refers to injuries actually intended and directed toward insured by the wrongdoer. p. 120.

12.  TRIAL.—*Findings.—Failure to Find Fact.*—A failure to find a fact in favor of one having the burden to establish same, is equivalent to an adverse finding. p. 122.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Charles H. Fawcett, as guardian of Charles H. Fawcett, a minor, against the Travelers Protective Association of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas G. Rutledge, Charles L. Jewett* and *Henry E. Jewett,* for appellant.

*Stotsenburg & Weathers, George H. Voigt* and *Charles D. Kelso,* for appellee.

LAIRY, C. J.—Appellee recovered a judgment in the Clark Circuit Court on a benefit certificate issued by appellant to the father of appellee's ward for whose benefit this action was brought in which certificate such ward was named as beneficiary. The by-laws of the association provided for the payment of indemnity to the insured in case of accidental injury in certain specified amounts and also provided for the payment of $5,000 to the beneficiary in case the death of the insured was caused by accidental means during the life of the certificate.

The certificate was issued subject to certain rules printed on the back thereof. Appellant bases its defense on a

Vol. 56—8

provision of one of these rules the wording of which is not altogether clear. Appellant contends that the condition relied on exempts the association from liability for injury or death resulting from intentional injuries inflicted by another person on the assured, while appellee contends that this exemption applies only to injuries not fatal, and does not apply to an injury resulting in death. In view of the conclusion we have reached in this case it is not necessary to determine this question by a construction of the rule. For the purpose of this case we will adopt the construction placed upon it by appellant, but this is not to be construed as any intimation as to how the question would be decided if a decision were necessary to a determination of this case.

The assured was cashier in a bank and, while he was a member of such association in good standing, was shot and instantly killed by Thomas Hoal who was making an attempt to rob him of the funds of the bank which were in his custody.

The complaint was originally in three paragraphs but the first two were dismissed and the finding and judgment rest upon the third paragraph. This paragraph was

1. tested by a demurrer for want of facts and the ruling of the court on such demurrer is assigned as error, and it is also alleged as error that the third paragraph of complaint does not state facts sufficient to constitute a cause of action. The certificate and other proper exhibits were filed with the first paragraph of complaint, and these exhibits were made a part of the third paragraph by reference. Appellant asserts that the dismissal of the first paragraph took these exhibits out of the case and that they could not afterward be considered as a part of the third paragraph and that such paragraph is insufficient for that reason. The question thus presented has been recently decided by this court, adversely to appellant's contention. *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 103 N. E. 77; *Farr* v. *Bach* (1895), 13 Ind. App. 125, 41 N. E. 393.

Appellant contends, however, that this paragraph proceeds upon the theory that the assured was killed by the intentional act of another and that the association 2. is exempted from liability for the face of the policy as provided in the case of death, by one of the provisions of the rule to which we have heretofore referred, and that the liability against the association as stated in this paragraph is based upon the second proviso to this rule which is as follows:

"Provided also, that an injury received by a member in an attempt to rob said member (proof of intent to rob to be established by said claimant) shall be considered an accident, and this association shall be liable for weekly indemnity only, not exceeding ten consecutive weeks, as in the case of an accidental injury received in any other manner."

It is contended that this paragraph of complaint shows affirmatively that the assured came to his death as the result of an injury intentionally inflicted by another, and that if it is good at all, it must be held good under this proviso by which the association agreed to pay weekly indemnity only for a period not exceeding ten weeks. The court is of the opinion that this proviso for the payment of weekly benefits was intended to apply to injuries which did not prove immediately fatal and which are intentionally inflicted on the assured in an attempt to rob, and that it does not apply to a case where the injury inflicted in an attempt to rob proves instantly fatal and where the assured is not disabled for any period of time. As the term 3. is ordinarily used, a person is "disabled" when he is so injured as to be incapacitated from following his ordinary business, but still lives. Death can hardly be regarded as a disability either permanent or otherwise within the meaning of such term as used in a certificate of accident insurance. If the sufficiency of this paragraph depended upon the proviso quoted we would be inclined to hold it insufficient. An examination of the entire paragraph of the

complaint convinces the court that it proceeds upon the theory that the death of the assured was caused by an accident and that the beneficiary is entitled to recover the face of the policy.

It is true that this paragraph shows that the assured was assassinated by a person who was attemping to rob the bank, but this does not amount to a showing that his death did not result from accidental means within the terms of the certificate and by-laws. It has been repeatedly, if not universally, held by the courts that death by assassination is accidental within the meaning of that word as used in accident policies. The word "accident" as used in such policies has been defined to be an event which takes place without one's expectation or foresight. When a person is murdered without fault on his part, his death occurs without his expectation or foresight, he does not intend it, and, so far as he is concerned, it is an accident. *Supreme Council, etc.* v. *Garrigus* (1885), 104 Ind. 133, 3 N. E. 818, 54 Am. Rep. 298; *Railway Officials, etc., Assn.* v. *Drummond* (1898), 56 Neb. 235, 76 N. W. 562; *Phelan* v. *Travelers Ins. Co.* (1890), 38 Mo. App. 640. This paragraph of complaint alleges that Jacob H. Fawcett was shot through the body by a ball from a pistol and thereby instantly and accidentally killed by Thomas Hoal. The other specific allegations are not sufficient to overcome this general allegation that the assured was accidentally shot and injured, and we therefore think that it is clearly sufficient.

To this paragraph of complaint the defendant filed a general denial and also a second paragraph of answer in which it is averred that by the terms of the certificate and contract sued on in this action, it is provided that defendant should not be liable if the death of Jacob H. Fawcett named therein should result from intentional injuries inflicted on him by any other person, and that the death of Jacob H. Fawcett was caused solely

by intentional injuries inflicted on him by one Thomas Hoal. The trial court sustained a demurrer to this paragraph of answer and this ruling is assigned as error. Notwithstanding a demurrer had been sustained to this paragraph of answer, all of the circumstances connected with the tragedy were fully detailed by the witnesses, including a full description of the manner in which the fatal injury was inflicted on the assured. This evidence seems to have been introduced without objection and the trial court evidently considered it in determining the facts as shown by its special finding. Appellant contends that this evidence was properly admitted under the issue formed by the complaint and the general denial. If this is true, the second paragraph of answer presented no issue not already presented by the pleadings and no error was committed in sustaining a demurrer thereto. The court does not intimate or decide whether the second paragraph of answer was required in order to put the question of intentional injury to assured in issue, and to authorize the admission of evidence on that subject. The record shows that the evidence on this subject was admitted without objection and that it was considered by the court, and that appellant was not prejudiced by having any of its evidence excluded for the want of this answer. It is therefore clear that appellant was not harmed by the ruling of the court on this demurrer. It may be further stated that both parties on oral argument of this case requested that the case be disposed of on the evidence.

The court made a special finding of facts and pronounced conclusions of law thereon favorable to plaintiff and rendered judgment accordingly. Appellant asks a reversal on the ground that the court erred in its conclusions of law upon the facts found and that it also erred in refusing to grant a new trial on the ground that the finding is not sustained by sufficient evidence. It is not necessary to set out the special finding in full for the reason that both of the questions presented relate to a single finding

and can be determined from a consideration of the twelfth finding of the court, which is as follows; ''That at the time said Thomas Hoal commenced to shoot off said pistols in said banking room, as aforesaid, the following named persons were standing in a crowd together, namely, John K. Woodward, president of the Bank; George Newhouse, assistant cashier; Frank Fougerrousse and Walter Gadient, bookkeepers, and Jacob H. Fawcett, cashier, and while said Hoal was so aimlessly, promiscuously and indiscriminately shooting off said pistols in said banking room, he, without aiming at or intending to do so, accidentally and unintentionally shot and instantly killed said Jacob H. Fawcett as the said Fawcett stood within said crowd above mentioned, and also at the same time grievously wounded Mr. John K. Woodward, who was at the same time standing in said crowd above mentioned.''     Appellant asserts that the finding that Thomas Hoal accidently and unintentionally shot and killed Jacob H. Fawcett is a conclusion of law and that it must be disregarded.   The court is of a different opinion.   ''Intent'' or ''intention'' whenever material is a pure question of fact. In a recent case by this court the distinction between an ultimate fact and a legal conclusion was discussed and we deem a further consideration of the question unnecessary. *Dodge Mfg. Co.* v. *Kronewitter* (1914), 57 Ind. App. —, 104 N. E. 99.   As it is not claimed that the finding of facts is otherwise defective, the court did not err in its conclusions of law.

The objection that the finding is not sustained by the evidence is directed to the finding of the fact that Thomas Hoal unintentionally shot and killed the assured.   It is not 8. claimed that the evidence is insufficient in any other particular, but it is claimed that there is no evidence to sustain this finding and that the undisputed evidence shows that Hoal intended to injure or kill the assured.   The evidence most favorable to the finding shows that about eleven o'clock on the morning of November 11, 1909, the

officers and employes of the Merchants National Bank of
New Albany, Indiana, were in the banking room. An un-
known man named Thomas Hoal entered this room for the
purpose of robbing the bank. The large vault was open and
Hoal ordered them to throw up their hands and to enter
the vault. Mr. Fawcett, Mr. Fougerrousse, Mr. Gadient
and the president of the bank, Mr. Woodward partly com-
plied with Hoal's command and stood as closely as they
could stand together near the door of the vault. At this
time Hoal began shooting with a revolver in each hand. The
first shot was fired into the ceiling. He shot promiscuously
into the group of four men named, he shot around the walls
of the bank, to the front and to the side, firing eleven shots
in all. Jacob H. Fawcett was struck by two of the bullets
and instantly killed. Mr. Woodward was struck and
wounded. Hoal did not select anyone to shoot, but shot
promiscuously in the crowd. It appeared he shot indis-
criminately. Mr. Fawcett did not know Hoal, had no quar-
rel with him, and did nothing to provoke Hoal or bring on
the shooting, and Fawcett and the others were doing noth-
ing to impede Hoal in any way.

Appellant asserts that this evidence shows that the injury
which resulted in the death of the assured was intentionally
inflicted by Hoal. In determining this question the
intention of Hoal at the time he inflicted the injury is
alone material, and the fact that the injury may have
been wholly unexpected and unforeseen by the assured can
have no influence on this question. In determining whether
the injury was an accident within the terms of the contract
of insurance the intention of the assured with reference
thereto may be material. *Richards* v. *Travelers Ins. Co.*
(1891), 89 Cal. 170, 26 Pac. 762, 23 Am. St. 455; *American
Accident Co.* v. *Carson* (1896), 99 Ky. 441, 36 S. W. 169, 34
L. R. A. 301, 59 Am. St. 473. However, when the question
arises as to whether the injury was intentionally inflicted
by another person, the intention of such other person alone

is controlling. *Fischer* v. *Travelers Ins. Co.* (1888), 77 Cal. 246, 19 Pac. 425, 1 L. R. A. 572; *Hutchcraft* v. *Travelers Ins. Co.* (1888), 87 Ky. 300, 8 S. W. 570, 12 Am. St. 484.

The evidence shows without dispute that Hoal discharged several shots from revolvers into a group of four men huddled together in front of the vault in the bank.

10. There is a general presumption that a person intends the usual and ordinary consequences of his act. Appellant, relying upon this presumption asserts that the usual and ordinary consequences of such an act would be to kill or injure some one or more of them, and that, as there is no evidence whatsoever tending to overcome such presumption, it must prevail and be sufficient to establish the fact that Thomas Hoal intentionally killed the assured. If the question involved were one affecting the rights of Thomas Hoal either in a civil or criminal action, the presumption stated would obtain against him in all its strictness. In such a case if it appeared that the injury inflicted was the result of an act which was reasonably calculated to produce injury to some one of a number of persons, a general intention to injure some person will be presumed. Such presumption includes all persons who were liable to be harmed by such act and therefore includes the person who actually receives the injury. In such a case it is presumed as against the party inflicting the injury that he intended to injure the person who was actually harmed, regardless of whether he had any actual specific intention to injure such person rather than another, and notwithstanding that he really may have intended his act to harm some one else. In this case the rights of the person who inflicted the injury are not involved. The question arises under a contract by which it was stipulated that the association should not be liable on account of injuries intentionally inflicted on the assured by any other person. "Intentional injuries" inflicted

11. on the assured by some other person, within the meaning of this contract refers to injuries which the other

person actually directed against the insured and intended to inflict upon him. The parties contracted with reference to the actual intention of the person inflicting the injury, rather than such an intention as the law presumes against a wrongdoer. In cases where rights of parties claiming under such a contract are involved, and where it becomes necessary to prove an actual intent to injure a particular person, the presumption that a person intends the ordinary and usual consequences of his act can not be given so wide a scope as it is given in cases which affect the rights of the party who causes an injury. In such a case if an act is shown which would naturally and reasonably result in injury to some one of several persons, it may be presumed that the author of the act intended to injure someone, but it cannot be presumed as against anyone except the author of the act that he intended the injury for the particular person who received it. It has been expressly decided by the supreme court of Michigan that an intentional injury within the meaning of a provision of a policy such as we are here considering, refers to an injury which was intentionally aimed directly and individually at the assured. *Utter* v. *Travelers Ins. Co.* (1887), 65 Mich. 545, 32 N. W. 812, 8 Am. St. 913. While we approve of the principle announced in the Utter case we cannot say that this court would be willing to apply it to a state of facts such as is shown in that case. Many expressions, which have a tendency to sustain the conclusion reached on this question, are to be found in the opinions of other courts and in text-books. *Hutchcraft* v. *Travelers Ins. Co. supra; Butero* v. *Travelers Ins. Co.* (1897), 96 Wis. 536, 71 N. W. 811, 65 Am. St. 61; *Orr* v. *Travelers Ins. Co.* (1898), 120 Ala. 647, 24 South. 997; *Railway Officials, etc., Assn.* v. *McCabe* (1895), 61 Ill. App. 565; Fuller, Accident Insurance 268; Niblack, Accident Insurance (2d ed.) §388. Appellant has cited a large number of cases from other states holding that within a provision such as we are considering,

the death of a person shown to have been murdered was caused by the intentional act of the murderer. An examination of the facts of these cases will show that in each the circumstances surrounding the murder were such that there could be no question that the act of the murderer was directed specifically and personally against the person killed. In these cases there could be no room for the application of the principle announced in this opinion. *Travelers Ins. Co.* v. *McConkey* (1888), 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308; *Jarnagin* v. *Travelers Protec. Assn.* (1904), 133 Fed. 892, 66 C. C. A. 622, 68 L. R. A. 499; *Travelers Protec. Assn.* v. *Langholz* (1898), 86 Fed. 60, 29 C. C. A. 628; *Travelers Ins. Co.* v. *McCarthy* (1890), 15 Colo. 351, 25 Pac. 713, 11 L. R. A. 297, 22 Am. St. 410; *Washington* v. *Union Casualty, etc., Co.* (1905), 115 Mo. App. 627, 91 S. W. 988. The burden rested on defendant to establish that the injury which caused the death of the assured was intentionally inflicted by another. *Travelers Ins. Co.* v. *Wyness* (1899), 107 Ga. 584, 34 S. E. 113; *Lampkin* v. *Travelers Ins. Co.* (1898), 11 Colo. App. 249, 52 Pac. 1040. If it has failed to establish this fact or if the court fails to find such fact in favor of appellant this, of itself, amounts to a finding against it. Unless, therefore, the evidence is of such a character as requires such a finding, this court cannot set it aside on the evidence. If the evidence in any particular is insufficient to establish that fact, or, if the opposite inference can be reasonably drawn from the evidence the finding must stand. The evidence may be held to be sufficient to create the presumption that Thomas Hoal intended to injure some one or more of the four persons at whom he directed the last shots, but it does not necessarily create the presumption that he had a specific intention to injure the assured rather than any other person. The trial court not only failed to find this fact in favor of appellant but expressly found against it on such fact. From the evidence the court was justified in drawing the infer-

ence that no actual specific intent to injure the assured was directed against him personally. The court did so infer and did so find and the evidence sustains the finding. Judgment affirmed.

NOTE.—Reported in 104 N. E. 991. As to sufficiency of title of a statute, see 64 Am. St. 70. As to what constitutes an accident within accident policy, see 30 L. R. A. 206. See, also, under (1) 31 Cyc. 349, 560; (2) 1 Cyc. 273, 302; (3) 1 Cyc. 269; (4) 1 Cyc. 249; (5) 1 Cyc. 285; (6) 31 Cyc. 358; (7) 1 Cyc. 303; (8) 1 Cyc. 297; (9, 11) 1 Cyc. 257; (10) 1 Cyc. 289; (12) 38 Cyc. 1985.