Nanda C. Dunn et al., appellants, v. Physicians Casu-
alty Association of America, appellee.

Filed June 23, 1919.  No. 20061.

1. **Insurance:** Mutual Association: By-Laws: Adoption. Where
the officers of a mutual accident insurance company, in whom the
articles vest the authority to enact all necessary by-laws, fail to
formally adopt any by-laws, but act upon and publish as such
by-laws adopted at a meeting of members, these by-laws cannot be
assailed for want of formal adoption by a member who accepted
his certificate thereunder, or by those claiming as beneficiaries
under him.

2. ———: ———: ———: Intentional Injury. A by-law of defend-
ant association provided: "The Association shall not be liable
* * * for injuries, fatal or nonfatal, of which injuries there
are no visible external marks upon the body, * * * voluntary
exposure to obvious danger, intentional injuries inflicted by the
member while sane or insane or by any other person, assaults
by burglars or highway robbers excepted." *Held*, that this by-law
relieved defendant from liability for fatal injuries intentionally
inflicted upon the insured by a third person.

Appeal from the district court for Douglas county:
Arthur C. Wakeley, Judge. *Affirmed.*

*Gurley & Fitch*, for appellants.

*Nolan & Woodland, contra.*

Morrissey, C. J.

Plaintiffs brought this action as beneficiaries under an
accident insurance policy issued by defendant, a mutual
insurance company, on August 6, 1906, to Dr. D. Winton
Dunn in the sum of $5,000.  June 7, 1914, while the
policy was in full force, Dr. Dunn was shot and killed
by one Jesse Jopling.  Defendant alleged that the kill-
ing was intentional on the part of Jopling, and denied lia-
bility under the following provision of its by-laws: "The
Association shall not be liable * * * for injuries,
fatal or nonfatal, of which injuries there are no visible
external marks upon the body, * * * voluntary

exposure to obvious danger, intentional injuries inflicted by the member while sane or insane or by any other person, assaults by burglars or highway robbers excepted." The court directed a verdict for defendant.

On this appeal plaintiffs contend that the by-law was never properly enacted and did not become a part of the contract of insurance; that it did not become effective because no copy thereof was filed in the proper office of the state; and that by its terms it does not relieve defendant from liability.

Defendant was organized on a mutual assessment plan under chapter 42, Laws 1895, entitled "An act to regulate the organization and operation of mutual benefit associations, life insurance, and life insurance companies." The articles of incorporation were filed April 26, 1902. They created and designated the usual officers, including a board of directors, made provision for subsequent annual elections by members, and authorized the officers "to adopt such by-laws as are necessary for the government of the association." On April 23, 1902, three days prior to the filing of the articles of incorporation, a meeting of the board of directors was held. The minutes of this meeting recite that, in the absence of the president and vice-president, a member of the board was elected to preside, and that by-laws submitted by the secretary were adopted. No other by-laws were attempted to be passed until 1906, when, on February 24, five months prior to the issuing of the certificate in suit, at an annual meeting of the members, at which the president and secretary were present and participating, the by-laws of 1902 were amended, and the provision under which defendant claims to be relieved from liability was adopted. Plaintiff argues that, since the by-laws of 1902 were passed prior to the time of incorporation, and by the directors instead of the officers, and since those of 1906 were adopted by the membership instead of the officers, as provided in the articles of incorporation, the section relied upon never became operative as a by-law, and hence could not relieve from liability.

The association never undertook to amend or re-adopt its purported by-laws until 1913. Under plaintiffs' contention, defendant could have had no valid by-laws in force from the date of its organization in 1902 until 1913. By-laws may in some cases become binding upon a corporation and its members without an express formal adoption. Where, as in the present instance, the officers of a mutual benefit insurance company, in whom the articles of incorporation vests the authority to enact all necessary by-laws, fail to formally adopt by-laws, but act upon and publish as such by-laws adopted at a meeting of members, these by-laws cannot be assailed for want of formal adoption by a member who accepted his certificate thereunder, or by those claiming as beneficiaries under him. *Graebner v. Post,* 119 Wis. 392; *Pfister v. Gerwig,* 122 Ind. 567.

As to the contention that the by-law was not operative because a copy was not filed with the auditor of public accounts, it is sufficient to say that chapter 42, Laws 1895, the statute under which defendant was organized, did not require such filing. Plaintiffs have confused this statute with chapter 47, Laws 1897, which relates to fraternal beneficiary societies, and not to societies such as defendant.

The remaining question to be determined is the effect to be given to the by-law. It is argued (1) that this by-law does not refer to fatal injuries, and (2) that defendant is not exempted from liability under its terms when the injury is intentionally inflicted by a person other than the insured. As to the first point, the language employed is plain and unambiguous; its reading clearly indicates that it was intended to cover, and does cover, injuries whether fatal or nonfatal. On the second point, this court has held that a provision in a policy limiting liability for injuries resulting "from the intentional act of the insured or any other person" is available to the insured where the evidence shows that the insured's injury resulted, in part, from the intentional act

of a third party. *Ryan v. Continental Casualty Co.*, 94 Neb. 35, 48 L. R. A. n. s. 524, and notes. These cases are decisive of the present question. The showing is conclusive that Dr. Dunn was intentionally killed by Joplin, and no recovery can be had under the by-law.

There was no question of fact to submit to the jury, and the court properly directed a verdict for defendant. Our former judgment, entered on a memorandum by the court commission, is set aside and the judgment of the district court is affirmed.

AFFIRMED.

LETTON, J., not sitting.