## CONTINENTAL CASUALTY COMPANY *v.* KLINGE.

[No. 11,782. Filed June 3, 1924. Rehearing denied November 12, 1924. Transfer denied December 16, 1924.]

1. TRIAL.—*Directed verdict requested by both parties amounts to withdrawal of cause from jury.*—Where a cause is submitted to a jury for trial, and, at the conclusion of the evidence, each party requests the court to instruct the jury to return a verdict in his favor, such action is, in effect, a joint request for the withdrawal of the cause from the jury, and for the submission of the same to the court for decision. p. 279.

2. TRIAL.—*Upon request by both parties for directed verdict, a verdict granted as to one is decision of the court.*—Upon the filing by each party of a request for a directed verdict, the court may, with propriety, discharge the jury and give its decision on the issues; if this is not done, but a peremptory instruction is given to return a verdict for one of the parties, such verdict is, in effect, the decision of the court. p. 279.

3. INSURANCE.—*Exceptions from accident policy of injuries from intentional act of any person included shooting with intent to kill.*—Under an accident policy which expressly provided that it did not "cover any loss which results from the intentional act of the insured or of any other person," there could be no recovery for the death of the insured where he was killed by a police officer who fired a revolver at him with the intention "to hit him." p. 279.

4. INSURANCE.—*Contracts free from ambiguity are enforced according to their terms.*—An insurance policy, like any other contract, when free from ambiguity, is to be enforced according to its terms. p. 279.

From Marion Superior Court (A16,383) ; *Theophilus J. Moll,* Judge.

Action by Louis Klinge against the Continental Casualty Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Guilford A. Deitch* and *Frank G. West,* for appellant.
*William H. Faust,* for appellee.

REMY, C. J.—On May 30, 1921, appellant issued to
Louis T. Klinge a policy of insurance by which it agreed
to pay to appellee, as beneficiary, the sum of $1,000 in
event of insured's accidental death. On the night of
October 8 and 9, 1921, when the policy was in full force
and effect, the insured was on duty as watchman at the
roundhouse of a certain railroad company. At about
4:00 o'clock on the morning of October 9, when leaving
the roundhouse to get a lunch at a nearby restaurant,
insured fell in with one Wininger, and while the two
were walking together, they came to an automobile
standing in an alley. Whereupon Wininger said to in-
sured, "Watch how quick I can take off a tire." Insured
advised Wininger not to take off the tire, but to go with
him to lunch. The automobile belonged to one Wag-
ner, a police officer, who came up as the tire was being
removed. As Wagner approached, Wininger and in-
sured fled up the alley, refusing to halt when com-
manded by Wagner so to do. When the men refused
to stop, Wagner began firing his revolver. He fired
five shots, the first two being fired directly at insured.
One of the shots fired at insured struck him in the heel,
the other entered his body and proved fatal. Wagner,
as a witness on the trial, was asked the following ques-
tion: "I will ask you to state whether or not in so
shooting this man, whom you first shot, if you intended
to hit him?" To this question, he answered, "I did."

This action is by appellee, the beneficiary named in
the policy, against appellant to recover on the policy
for the death of insured.

On the trial of the cause, and at the conclusion of
the evidence, each party moved the court to direct the
verdict in his favor. Appellant's motion was overruled,
and appellee's sustained; and on the directed verdict,

which was for the full amount of the policy, judgment was rendered.

In our view, the sufficiency of the evidence is the only question presented by appellant which requires consideration.

Each party having, at the close of the evidence, requested the court to direct the verdict in his favor, such action was, in effect, a joint request for the withdrawal of the cause from the jury, and for submission of the same to the court for its decision. *Kleine* v. *Houk* (1922), 78 Ind. App. 146, 134 N. E. 872. The court, upon the filing by the parties of their respective motions for a directed verdict, might, with propriety, have discharged the jury and rendered its decision on the issues. *Goings* v. *Davis, Director* (1923), *ante* 231, 141 N. E. 473. Nevertheless, the peremptory instruction and the verdict of the jury returned in accordance therewith were, in effect, the decision of the court. *Deeter* v. *Burk* (1914), 59 Ind. App. 449, 455, 107 N. E. 304. If the decision of the court thus rendered is sustained by sufficient evidence, the judgment must be affirmed; otherwise, there must be a reversal.

The policy which forms the basis of appellee's complaint specifically provides that it "does not cover any loss * * * which results from the intentional act of the insured or of any other person" excepting "assaults committed upon the insured for the sole purpose of burglary or robbery," and "assaults incurred by the insured while engaged in the proper performance of his occupation, and provoked solely thereby." There is no evidence whatever that the shots fired were for the purpose of burglary or robbery, or that the injury which resulted in the death of insured was incurred by him while performing the duties of his occupation, and provoked solely thereby.

No such contention is made by appellee or anyone else. The evidence affirmatively and without conflict shows that the injury which caused the death of insured resulted from the intentional act of the officer who did the shooting. The officer, as a witness at the trial, testified that he fired two shots directly at the insured, and that, when he fired the shots, he intended "to hit him." Clearly, then, the death of insured resulted from the intentional act of the officer, and comes within the exception in the policy. The parties had the right to make the insurance contract sued on, including the intentional act clause. The contract is not ambiguous. Its terms, as to the clause under consideration, are definite and certain. An insurance policy like any other contract, when free from ambiguity, is to be enforced according to its terms. It follows that the court erred in directing the verdict for appellee. See, *Continental Casualty Co.* v. *Cunningham* (1914), 188 Ala. 159, 66 So. 41, L. R. A. 1915A 538; *Butero* v. *Travelers' Accident Ins. Co.* (1897), 96 Wis. 536, 71 N. W. 811, 65 Am. St. 61; *Matson* v. *Travelers' Ins. Co.* (1900), 93 Me. 469, 45 Atl. 518, 74 Am. St. 368; *National Life Ins. Co.* v. *Coughlin* (1922), 72 Colo. 440, 212 Pac. 486; *Travelers' Ins. Co.* v. *McCarthy* (1890), 15 Colo. 351, 25 Pac. 713, 11 L. R. A. 297, 22 Am. St. 412; *Dunn* v. *Physicians' Casualty Assn.* (1919), 103 Nebr. 557, 173 N. W. 599; *Travelers' Ins. Co.* v. *McConkey* (1888), 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308; *Travelers Protective, etc., Assn.* v. *Fawcett* (1914), 56 Ind. App. 111, 104 N. E. 991; *Schmid* v. *Indiana, etc., Accident Assn.* (1908), 42 Ind. App. 483, 494.

Judgment reversed, with instructions to grant a new trial.