## MARY FERNANDO v. CONTINENTAL CASUALTY COMPANY.[1]

October 29, 1926.

No. 25,389.

**Evidence proved insurer was not liable upon its accident policy.**

The insured in an accident insurance policy was killed by a shot from a revolver while engaged in a quarrel. The evidence conclusively shows that his death resulted from an intentional act. There was no liability under the terms of the policy.

Accident Insurance, 1 C. J. p. 431 n. 11; p. 506 n. 57.

---

See note in 30 L. R. A. 207.
See note in 4 A. L. R. 723.
See note in 20 A. L. R. 1123. 14 R. C. L. 1260 et seq.; 3 R. C. L. Supp. 371; 4 R. C. L. Supp. 954; 5 R. C. L. Supp. 806; 6 R. C. L. Supp. 806.

[1]Reported in 210 N. W. 634.

Action in the district court for Ramsey county to recover on an accident insurance policy. The case was tried before R. D. O'Brien, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*R. F. Schroeder* and *Louis P. Sheahan,* for appellant.

*Fowler, Carlson, Furber & Johnson,* for respondent.

DIBELL, J.

Action to recover on an accident policy issued to one Boone in which the plaintiff was the beneficiary. The court directed a verdict for the defendant and the plaintiff appeals from the order denying her motion for a new trial.

Boone was killed on September 2, 1924, by a shot from a revolver. The policy upon which it is sought to recover for his death provided:

"This policy does not cover any loss  *  *  * if the injury causing it results from the intentional act of the insured or of any other person."

The evidence is brief. The only witness to the shooting was a woman with whom Boone had been friendly. She testifies that Boone was at her home on the morning of the shooting and left his revolver in a trunk in the front room; that he returned shortly before noon; that he demanded money; that she told him she had none; that a quarrel and fight followed; that he hit her and started for the trunk; that she started also; and that she got the gun and shot him. Incidentally it appears that she was indicted for murder and was sentenced to Shakopee upon a plea of guilty of manslaughter in the second degree. Her plea does not bind the beneficiary; but her testimony is reasonable and uncontradicted by witnesses or by circumstances. There may be inaccuracies of detail, but she intended to shoot Boone. Whether she intended to kill, and her plea indicates that she did not, is unimportant. Boone's death was the result of an "intentional act" within the policy. There could be but one verdict and the court was right in its ruling.

Order affirmed.