## BUSINESS MEN'S INDEMNITY ASSOCIATION *v.* WASHBURN.

[No. 12,842. Filed June 16, 1927. Rehearing denied October 26, 1927. Transfer denied May 13, 1932.]

*Oscar C. Hagemier, Rochford, Wall & Rochford* and *Elias D. Salsbury,* for appellant.

*Oren S. Hack,* for appellee.

McMAHAN, J.—On November 17, 1916, appellant, a mutual benefit association, accepted Nathan T. Washburn as a member and issued to him a certificate of membership and policy of insurance reading in part as follows: "The Association hereby accepts the insured as a member and hereby insures him, subject to the terms, hereinafter contained, against bodily injuries and death or disability resulting therefrom, effected directly, independently and exclusively of all other cause, contributing or proximate, through external, violent and accidental means. ... Section 12. This policy does not cover any injury sustained by the Insured while under the influence or suffering from the effects of any liquor or narcotic; ... nor any injury, intentionally inflicted by the Insured, sane or insane, or by any other person, sane or insane, unless it be established that such injuries resulted from an assault committed for the sole purpose of burglary or robbery."

In February, 1925, at a time when said policy of insurance was in force, the insured was intentionally shot and injured by another, from which injury the insured died the next day. Appellee, as beneficiary in the policy,

brought suit to recover the amount of the policy. Appellant filed an affirmative paragraph of answer admitting the issuance of the policy and that it was in force at the time of the insured's injury and death, but alleged that he was intentionally shot by a named person and that the injury which resulted in his death was intentionally inflicted and was not the result of an assault committed for the sole purpose of burglary or robbery. A demurrer was sustained to this answer and, appellant refusing to plead further, judgment was rendered for appellee for the amount of the policy. The error assigned is the action of the court in sustaining the demurrer to the answer.

Appellant says the policy in question insured against "bodily injuries and death and disability resulting therefrom," specifically excluding intentional injuries, whether inflicted by the insured, or by any other person, except where such intentional injury results from an assault committed for the sole purpose of burglary or robbery; that the answer alleges the assault which caused the injury was intentionally inflicted and was not the result of an assault committed for the sole purpose of burglary or robbery, and insists that the injury from which the insured died was an intentional injury and not covered by the policy. Appellee contends the policy covered both injury and death, and that the exception is not available as a defense in an action for *death*, and that the exemption is only available as a defense in an action for *injury* not resulting in death.

In support of this contention, appellee calls attention to the fact that the word "death" does not occur in the excluding or exempting clause of the policy; that the word "death" is not referred to, either directly or indirectly, in the excluding or exempting clause, and that such clause refers only to an injury to the insured and does not in any way limit the insurer's liability to the

beneficiary named in the policy for an accidental death of the insured.

Appellant cites and relies on *Continental Casualty Co.* v. *Klinge* (1924), 82 Ind. App. 277, 144 N. E. 246. The policy involved in that case specifically provided that it did not cover any "loss" which resulted from the intentional act of the insured or of any other person, excepting assaults committed upon the insured for the sole purpose of burglary or robbery, and it was there held that "loss" covered death. As heretofore stated, the policy in the instant case insured against "injury and death," while the excluding or exempting clause included injury alone, leaving death unaffected by the exempting clause of the policy.

In *Strother* v. *Accident Assn.* (1916), 193 Mo. App. 718, 188 S. W. 314, the policy excluded any injury "fatal or otherwise." The policy involved in *Travellers Ins. Co.* v. *McConkey* (1888), 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308, provided that no claim should be made when the death of the injured was caused by intentional injuries. The policy involved in each of the other cases cited by appellant, excluded both injury and death when brought about intentionally.

We do not know why the word "death" was not inserted in the exemption clause of the policy now under consideration after the word "injury." We do know that the insertion of the word "death" would have made plain a provision which without this word is involved in some doubt and susceptible of two interpretations, and we cannot assume the word was omitted by inadvertence. Indeed, we must assume the word "death" was omitted for some good and sufficient reason. See *Interstate Business Mens, etc., Assn.* v. *Dunn* (1917), 178 Ky. 193, 198 S. W. 727, 6 A. L. R. 1333.

The policy deals with and covers accidental injuries,

loss of life and disability. The exemption clause deals with injuries only, and it may well be said that no exemption from death was intended. See *Kascoutas v. Federal Life Ins. Co.* (1922), 193 Iowa 343, 185 N. W. 125, 22 A. L. R. 294 (second appeal). For opinion on first appeal, see same title, 189 Iowa 889, 179 N. W. 133.

There was no error in sustaining the demurrer to the answer.

Judgment affirmed.

Dausman, J., absent.

### ON PETITION FOR REHEARING.

McMAHAN, J.—*Dunn v. Physicians Casualty Assn.* (1923), 103 Nebr. 557, 173 N. W. 599, cited by appellant in support of its petition for rehearing is not of controlling influence. The policy in that case exempted the association from liability from both fatal and non-fatal injuries intentionally inflicted by the insured or by any other person. The insured was intentionally killed by another person. The policy in that case did not cover injuries and *death,* and then exempt the association from liability for certain non-fatal injuries and leave the insurer liable for death or fatal injuries as does the policy in the instant case.

Rehearing denied.