[No. 25482. Department One. April 11, 1935.]

LINA POTESTIO, *Respondent,* v. CONTINENTAL CASUALTY COMPANY, *Appellant.*[1]

*Edge & Wilson* and *M. E. Jesseph,* for appellant.
*L. Vincent Donahue,* for respondent.

MILLARD, C. J.—Peter Malito and Charles Potestio disliked each other. That mutual aversion culminated

[1]Reported in 43 P. (2d) 956.

September 10, 1932, in the instant death of Malito as the result of a bullet wound inflicted by Potestio.

Under the terms of an insurance policy issued June 5, 1932, by the Continental Casualty Company to Malito, the insurer was obligated to indemnify the insured, or his beneficiaries, for loss of life, limb, limbs, sight or time caused by accidental injury, and for the loss of time caused by sickness. One of the provisions of the insurance contract *excluded indemnity for any loss,*

"if the injury causing it results from the intentional act of the insured or of any other person excepting, however, assaults committed upon the insured for the sole purpose of burglary or robbery and also excepting assaults incurred by the insured while engaged in the proper performance of the duties of his occupation and provoked solely thereby."

An action was brought on behalf of the two minor children of Malito to recover on the above-described insurance policy the principal sum payable for loss of life of the insured. Its demurrer was overruled, whereupon the defendant answered and pleaded as an affirmative defense that Malito's death resulted from the intentional act of his assailant, indemnity for which is specifically excluded by a provision of the insurance contract. The parties stipulated

". . . that the shooting and killing of the insured was the intentional act of one Charles Potestio and not for the sole purpose of burglary or robbery nor incurred by insured while engaged in the proper performance of the duties of his occupation and provoked solely thereby."

The cause was tried to the court, which found in favor of the beneficiaries. In effect, the court found and concluded that the beneficiaries were entitled to the principal sum of twenty-two hundred and fifty dollars

payable under the provision for indemnity for loss of life resulting from accidental injury. Judgment was entered accordingly. The defendant appealed.

Counsel for the respondent insists that the exemption clause in the policy is not available as a defense in the case at bar, in view of the failure of the insurer to insert in part three of the exemption clause either the word "death" or the words "fatal injury," instead of just the word "injury." It is argued that the word "death" does not occur in the exemption clause of the policy, and that the exemption clause refers only to an injury to the insured and does not limit the insurer's liability to the beneficiaries named in the policy for the accidental death of the insured.

At the top of the first page of the policy appears the following:

"This policy provides indemnity for loss of life, limb, limbs, sight or time caused by accidental injury and for loss of time caused by sickness—all to the extent herein provided."

The policy further provides:

"The insurance given by this policy is against loss of life (suicide or self-destruction while either sane or insane not included), limb, limbs, sight or time resulting from a personal bodily injury which effected solely and independently of all other causes by the happening of an external, violent and purely accidental event, and against loss of time resulting solely from bodily sickness which is contracted and begins not less than fifteen days after the date of this policy, all in the manner and to the extent hereinafter provided. The words 'injury' and 'sickness' wherever hereinafter used mean respectively injury or sickness such as is here described."

Following that provision is one for the payment of specific indemnity if within one hundred and twenty days from the date of the accident death results to the

insured solely from such injury. There is another provision for indemnity in the case of the loss of limb, limbs, sight or time caused by accidental injury. The specific indemnity in case of accidental death is for *loss of life,* and the indemnity provision for loss of limb, limbs, sight or time specifically states as to each that payment is for *loss*. The exemption clause specifically exempts the insurer from liability for any *loss*. That exemption provision reads as follows:

"This policy does not cover any loss . . .

"(3) if the injury causing it results from the intentional act of the insured or of any other person excepting, however, assaults committed upon the insured for the sole purpose of burglary or robbery and also excepting assaults incurred by the insured while engaged in the proper performance of the duties of his occupation and provoked solely thereby; . . ."

It is admitted that insured was intentionally shot and instantly killed by another, and that the assault was not committed for the sole purpose of burglary, nor was the injury incurred by the insured while engaged in the proper performance of the duties of his occupation.

The contract before us is not ambiguous. The language in the exemption clause is sufficiently specific to leave no doubt that it applies to all of the *losses* mentioned on page one of the policy, where provision is made for indemnity for *loss* of life, *loss* of eyes, *loss* of hands, *loss* of feet, etc. The policy specifically provides that it does not cover any "loss" which results from the intentional act of the insured, etc. The word "loss" covers death as well as the *loss* of limb or *loss* of time. That portion of the exemption clause reading "if the injury causing it" refers to the loss caused by the injury.

Obviously, the question involved in the case at bar and in the cases cited in support of the position of the

respondent depends on the context in which the word "injury" is used.

The exemption clause provides that the policy does not cover any loss if the injury causing *it* results from the intentional act, etc. That is, the policy does not cover any *loss* if the injury causing the *loss* results from the intentional act, etc. The purpose was clearly stated in the exemption clause to exclude from the benefits of the policy an injury or death intentionally inflicted by another. Clearly, the word "it" relates to any loss resulting from the injury. No other construction is permissible.

The same question raised by this appeal was presented in *Continental Casualty Co. v. Klinge*, 82 Ind. App. 277, 144 N. E. 246. The policy there involved contained the same exemption clause as is in the policy in the case at bar. The insured in the case cited died as the result of a bullet wound intentionally inflicted upon him by a peace officer. The beneficiary of the insured recovered a judgment in the trial court, which on appeal was reversed. Respecting the exemption clause pleaded by the insurance company in bar of the action, the court said:

"The parties had the right to make the insurance contract sued on, including the intentional act clause. The contract is not ambiguous. Its terms, as to the clause under consideration, are definite and certain. An insurance policy like any other contract, when free from ambiguity, is to be enforced according to its terms. It follows that the court erred in directing the verdict for appelle."

*Business Men's Indemnity Association v. Washburn*, 94 Ind. App. 395, 157 N. E. 104, 158 N. E. 492, involved a policy covering accidental injuries, death and disability, which policy contained a clause exempting liability as to injuries intentionally inflicted by insured or

any other person. The court held that the beneficiary under the policy was entitled to recover for the death of the insured resulting from a bullet wound inflicted by another, since the exemption clause dealt with injuries only and it could not be said that exemption from death was intended thereby.

The language of the policy in that case is quite different from the one before us. It specifically provided that the policy did not cover any injury sustained by the insured, etc., while in the case at bar the policy provides that it does not cover any ''loss'' which results from the intentional acts of the insured, etc. In the case cited, attention was called to *Continental Casualty Co. v. Klinge,* 82 Ind. App. 277, 144 N. E. 246. The court said:

''Appellant cites and relies on *Continental Casualty Co. v. Klinge* (1924), 82 Ind. App. 277, 144 N. E. 246. The policy involved in that case specifically provided that it did not cover any 'loss' which resulted from the intentional act of the insured or of any other person, excepting assaults committed upon the insured for the sole purpose of burglary or robbery; and it was there held that 'loss' covered death. As heretofore stated, the policy in the instant case insured against 'injury and death,' while the excluding or exempting clause included injury alone, leaving death unaffected by the exempting clause of the policy.''

In *Fernando v. Continental Casualty Co.,* 169 Minn. 53, 210 N. W. 634, an action by the beneficiary to recover on an accident policy issued to the insured who was killed by a shot from a revolver, the court held that, as the death of the insured was the result of an intentional act, no recovery could be had by the beneficiary, in view of the provision of the policy that—

''The policy does not cover any loss . . . if the injury causing it results from the intentional act of the insured or of any other person.''

In *Continental Casualty Co. v. Morris,* 46 Tex. Civ. App. 394, 102 S. W. 773, it was held that the word "injury" included fatal as well as non-fatal injuries, where the third part of the policy provided that, in any of the losses specified in parts one and two where the accidental injury resulted from the intentional act of the insured or any other person, the insurer's liability should be limited to a certain percentage, "loss of life being one of the losses specified in part one of the policy."

In *Interstate Business Men's Accident Association v. Dunn,* 178 Ky. 193, 198 S. W. 727, 6 A. L. R. 1333, the exemption clause of the insurance policy there involved provided that the insurance "shall not extend to or cover any loss due to . . . the act of any person done to *injure* the insured." There, as in *American Accident Co. v. Carson,* 99 Ky. 441, 36 S. W. 169, 59 Am. St. 473, 34 L. R. A. 301, both cases from the supreme court of Kentucky, the court held that the insurer was liable because of its failure to insert in the exemption clause the word "death" or the words "fatal injury." The extreme position taken by that court is not in harmony with what we consider the better weight of authority.

The language in the exemption clause in the policy in the case at bar is unambiguous. It is sufficiently definite and specific to leave no doubt that it applies to all the losses mentioned in part one of the policy, and when read in connection with the language in part one of the policy, as it must be, it is equivalent to a provision that, where the injury is intentionally inflicted by the insured or any other person, excepting, however, assaults committed upon the insured for the sole purpose of burglary or robbery and also excepting assaults incurred by the insured while engaged in the proper performance of the duties of his occupation

and results in the loss of life of the insured, the beneficiaries can not recover.

The judgment is reversed, and the cause remanded with direction to dismiss the action.

BEALS, TOLMAN, MAIN, and GERAGHTY, JJ., concur.