KATE COLLINS, Respondent, v. FIDELITY & CASUALTY COMPANY, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Accident Insurance:** VOLUNTARY EXPOSURE TO UNNECESSARY DANGER: VERDICT. Where there is conflict of evidence as to whether the insured voluntarily exposed himself to unnecessary danger, and the question is properly submitted to the jury, the verdict must be accepted as conclusive.

2. ———: ———: ACCIDENT. An injury not anticipated and not naturally to be expected as a probable result by the insured, though intentionally inflicted by another, is an accidental injury within the terms of the policy.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*William C. & J. C. Jones* and *Guthrie & Franklin* for appellants.

'To apply to this case, as the court did, in the first instruction given for respondent, the rigid rule laid down in the *Lovelace case*, was equivalent to a declaration to the jury that the intentional killing by Kennedy was accidental, even though Collins may have known Kennedy was armed and would shoot him if assaulted. We do not understand the law to be so declared in the *Lovelace case*, and it certainly can not be the rule under the circumstances here shown.    If, however, the testimony on behalf of respondent authorized the declaration of law as contained in the first instruction given for respondent, appellant was certainly entitled, under the abundant testimony showing the aggressive acts of deceased, and his knowledge of the ill feelings of all parties, to have its theory of defense submitted to the jury.    *Barton v. Ins. Co.*, 42 Mo. 158; *Harper v. Ins. Co.*, 19 Mo. 510; *Wolff v. Ins. Co.*, 5 Mo. App. 236.

*Dysart & Mitchell* for respondent.

(1) The appellant, in its brief and argument, objects only to one instruction given—the one defining "accidental means," as used in the policy.   The instruction is correct.   *Phelan v. Ins. Co.*, 38 Mo. App. 640; *Hutchcraft v. Ins. Co.*, 87 Ky. 300; *Richards v. Ins. Co.*, 89 Cal. 170; *Lovelace v. Ins. Co.*, 28 S. W. Rep.  877; 126 Mo. 104; *Insurance Co. v. Osborne,*

90 Ala. 201; Richards on Insurance, sec. 190, p. 113; 2 Biddle on Insurance, sec. 829. The appellant, in this brief, tries to treat and argue this case as though the policy contained conditions against "intentional injuries inflicted by insured or any other person." The policy contained no such clause. Beach's Law of Insurance, secs. 284, 286, 245; 2 Bigelow, Life and Accident Insurance Cases, 738; *Insurance Co. v. Bennett*, 90 Tenn. 256. (2) Appellant in its brief and argument complains of only one instruction refused by the court. That instruction was on "voluntary exposure to unnecessary danger." It ought to have been refused. The words quoted, "voluntary exposure to unnecessary danger," expressed a condition in the policy contract. The burden of proving the breach of any condition in the policy was on the appellant. *Badenfield v. Ins. Co.* (Mass.) 13 L. R. A. 263, and note; (154 Mass. 77); *Sutherland v. Ins. Co.* (Iowa, 1893), 54 N. W. Rep. 453; (87 Iowa, 505). The breach of the condition was a question for the jury. *Cotten v. Fidelity & Casualty Co.*, 41 Fed. Rep. 506.

ELLISON, J.—This action is based on a policy of accident insurance, containing the following provisions:

"The Fidelity and Casualty Company, in consideration of the warranties in the application for this policy and of an order for moneys therein specified on the paymaster, does hereby insure Cornelius Collins in the sum of $2,000, the principal sum, against bodily injuries sustained through external, violent and accidental means as follows: If death shall result within ninety days from said injuries, independently of all other causes, the company will pay the principal sum of this policy to Kate Collins, his wife, if surviving.

\* \* \* This insurance does not cover disappearances nor war risk, nor voluntary exposure to unnecessary danger.''

Plaintiff is the widow of said Cornelius Collins and recovered the full amount of the policy. Cornelius was killed with a pistol fired by one Simon Kennedy. The defense consisted of two points, viz.: that deceased was not killed by ''accidental means;'' and that he was killed by ''voluntary exposure to unnecessary danger.''

As to voluntary exposure to danger, we need merely say that there was evidence tending to show that deceased wrongfully brought on the difficulty, which he must have known might likely result fatally, and which did result in his death, and did thereby expose himself to unnecessary danger. But there was also evidence in plaintiff's behalf, tending to show that he did not bring on the trouble and that the difficulty was without his fault and not within his expectation. In such instance, though there is an exposure to danger, it is not a voluntary exposure. Each of these views were submitted to the jury and we must accept the verdict as supporting the plaintiff's contention.

Since the deceased did not voluntarily expose himself to unnecessary danger, and since his death resulted from a pistol shot intentionally fired at him by Kennedy, we are led to the conclusion, under our decision in the case of *Phelan v. Traveler's Ins. Co.*, 38 Mo. App. 640, that the death was an accident, as that term should be applied to the deceased. We held in that case that the term, ''accidental means'' applies to the conduct of the insured, as distinguished from the party doing the injury. An injury not anticipated and not naturally to be expected as a probable result, by the insured, though intentionally inflicted by another, is an accidental injury within the terms of the

policy. *Ins. Co. v. Bennett*, 90 Tenn. 256. In addition to the *Phelan* and *Bennett cases* are a number of others collected by counsel. *Hutchcraft v. Traveler's Ins. Co.*, 87 Ky. 300; *Richards v. Ins. Co.*, 89 Cal. 170; *Equitable Ins. Co. v. Osborne*, 90 Ala. 201; *Lovelace v. Ins. Co.*, 126 Mo. 104.

A death may be the result of an intentional and not accidental act of the party doing the injury and yet be an accident, as that word should be construed in the policy, in its application to the deceased.

We have examined the authorities cited by defendant in connection with the argument advanced, but we do not think they apply to the facts of this case. The instructions by the court were in accordance with what we have written. The principal one for defendant set forth clearly the theory upon which defendant tried the case and gave the jury full opportunity to decide upon the culpability of the deceased concerning the difficulty. Some portions of the first instruction for plaintiff we concede might be the subject of criticism, but when the whole instruction is read and considered with that for defendant, the jury could not have been misled.

The judgment will be affirmed. All concur.