CHARLES MATSON *vs.* TRAVELLERS' INSURANCE COMPANY.

Knox.    Opinion January 4, 1900.

*Accident Insurance.    Intentional Injuries.*

Where an accident insurance policy contains a provision that the insurance should not cover "intentional injuries, inflicted by the insured or by any other person, except burglars or robbers," the insured can not recover of the insurer for injuries intentionally inflicted upon him by another, not a robber or burglar, who made an assault upon him,—even if the injury sustained was not precisely that intended, provided the act was intentional, was directed against the insured and some injury to him was intended.

AGREED STATEMENT.

This was an action of assumpsit brought upon an accident insurance policy, issued by the defendant company to the plaintiff. The plaintiff sustained a double fracture of his right arm by reason of an alleged accident to him at the time and place mentioned in the declaration, which he claimed was occasioned by an accident within the meaning of law and the policy by which he was insured. The defendant company claimed that the facts did not disclose any cause of action against the defendant. The parties stipulated that if under the agreed statement the defendant was liable, the action should stand for the assessment of damages; otherwise the plaintiff was to become nonsuit. The following is the agreed statement of facts:—"The policy makes a part of the case. At the time and place of the injury the plaintiff was at work 'in a motion' by himself, in a hole or excavation in the ledge about two feet below the surface of the ledge about him, when Daniel Story, who was working at another place in another 'motion' came along on the ledge above, where the plaintiff was standing, and began to talk to the plaintiff in an angry manner, accusing the plaintiff of blasting too heavily near his house (Story's,) claiming that the rocks flew from Matson's blast into his 'motion,' and also struck Story's house, and Story told Matson to stop it; that he would kill his wife (Story's) children or him-

self.  Matson's reply was 'get out of here.  You have no business here.'  This maddened Story, who then picked up a stick, or club of wood which was lying near by, drew off and struck at Matson's head with it; and Matson to ward off the coming blow and save his head, threw up his right arm and received the blow on the right side thereof, breaking it as described in the declaration. Matson had made no attempt to strike or assault Story, or to use any violence whatever.  The assault by Story upon Matson was intentional."

The case involved the construction and application of one clause in the policy, which provides that the insurance does not cover "intentional injuries inflicted by the insured, or any other person, except burglars or robbers," the only question being whether the injury which caused the accident, for which recovery is sought, was intentionally inflicted by "any other person."

*W. R. Prescott, for plaintiff.*

The policy issued by the defendant company to Matson contained a very great number of provisions or conditions to its becoming liable, printed in small type, and, including this one in question should be strictly construed.  The company holds out by its policy that it will insure against accident and then it prints in its policy in small print many conditions limiting liability.  In reason it would seem only fair to the insured to construe these conditions strictly and not to extend the meaning of words used beyond their ordinary meaning.

The general rule in these cases is that, in the absence of special provisions in the policy, injuries intentionally inflicted on the insured by other parties, not being the result of mis-conduct or the participation of the injured party, have been held to be accidental, and to render the insurer liable.  Am. & Eng. Ency. of Law, 294, 322.  The injuries received by the plaintiff were not the injuries intentionally inflicted by Story within the meaning of the language used in the policy.

In a Kentucky case, where the policy contains a clause practically the same as the one here discussed the court says that "the clause is evidently intended to apply to such injuries by other per-

sons as are intentionally directed against the insured, and not to such injuries as the insured may receive at the hands of the third person who are doing mischief generally." *Hutchcraft, Exr.*, v. *Travellers' Ins. Co.*, 87 Kentucky, 300, (12 Am. St. R. 484.)

When the plaintiff saw the danger he did an act, received an injury in the breaking of an arm, that was not intended either by Story or the plaintiff. Story intended to hit the head but he did not do it but inflicted an injury by reason of an act of the plaintiff in trying to avert the danger.

Construing the policy strictly where it provides that the company is not responsible for intentional injuries, it cannot be held to release the company from responsibility for injuries received by the insured as the result of a movement on his part made by him with the intention of escaping the injuries that Story intended to inflict upon him, the movement being necessary in preventing the injuries that Story intended to inflict; and in this sense the breaking of the plaintiff's arm was an accident for which the company is responsible.

*C. E. and A. S. Littlefield*, for defendant.

"A sane man, a voluntary agent, acting upon motives, must be presumed to contemplate and intend the necessary, natural and probable consequences of his own acts." *Com.* v. *York*, 9 Met. 103.

If the situation is to be logically analyzed, Story, then, must have been held to have contemplated that Matson would so ward off the blow with his arm, and thus actually, by reason of this, have intended to hit his arm, as that, under such circumstances, was the natural and probable consequence of his assault. The assailant must assume that the assailed would use all necessary and available means for his protection, and he must assume further the probability of the infliction of a variety of injuries as the result of such attempt at protection upon the part of the assailed. These facts are the necessary results of the assault, and the assailant is conclusively presumed to have contemplated them, and to have intended these as the necessary, natural and probable consequences of his own acts.

Counsel also cited: *Butero* v *Travellers' Ins. Co.*, 96 Wis. 536;

*Phelan* v. *Travellers' Ins. Co.*, 38 Mo. App. 640; *Fischer* v. *Travellers' Ins. Co.*, 77 Cal. 246; *McCarthy* v. *Travellers' Ins. Co.*, 15 Col. 351; *Degraw* v. *National Acc. Soc'y*, 51 Hun, (N. Y.) 142; *Scherek* v. *Travellers' Ins. Co.*, 38 Albany Law Journal, 466.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

WISWELL, J. The plaintiff was the holder of an accident insurance policy issued by the defendant corporation, which entitled him to receive, if disabled by bodily injuries sustained through "external, violent and accidental means," a certain sum of money each week while the disability continued. The policy contained a clause which provided that the insurance should not cover, among other things, "intentional injuries, inflicted by the insured, or by any other person, except burglars or robbers."

During the life of the policy, the plaintiff was violently assaulted by another person, not a robber or burglar, who attempted to strike him upon the head with a stick, but the plaintiff, to protect himself, put up his arm and received the blow thereon, and thereby sustained the injury which he claims entitles him to recover of the company. The plaintiff was without fault in the affair, and the assault upon him is admitted to have been intentional. These facts appear in the agreed statement of facts upon which the case comes to this court.

Under these circumstances is the plaintiff entitled to recover? We think not. Were it not for the provision that the insurance should not cover injuries intentionally inflicted by another, it might perhaps be said, as some courts have held, that as to the insured, the injury, for which he was in no way responsible, was an accident, an unforeseen event, a casualty.

But here the injury was sustained in one of the very ways which the policy provided should not be covered by the insurance,—intentional injuries inflicted by another. An act may be intentional while its result may be unforeseen and unintentional and therefore accidental within the meaning of the contract of insurance. But

that is not so in this case; here the act was intentional, it was directed against the insured and direct injury to the insured was intended.

All the cases that have been called to our attention, in which a similar provision of an accident insurance policy has been considered, hold that where the injuries sustained by the insured were intentionally inflicted by another, and where the intentional acts of another that caused the injury were aimed at the insured, there could be no recovery. *Travellers' Insurance Company* v. *McConkey*, 127 U. S. 661; *Hutchcraft* v. *Travellers' Insurance Company*, 87 Ky. 300, (12 Am. St. R. 484); *Utter* v. *Travellers' Insurance Company*, 65 Mich. 545, (8 Am. St. R. 913.)

The suggestion made by counsel for plaintiff, that the injury sustained by the plaintiff was not the precise one intended by the person making the assault, is rather too much of a refinement. The plaintiff sustained an injury inflicted by another,—that other intended to inflict injury upon the plaintiff and accomplished his purpose. The case is clearly within the exception made by the contract of insurance. In accordance with the stipulation of the report, the entry will be,

*Plaintiff nonsuit.*