GEORGE WASHINGTON, Respondent, v. UNION
CASUALTY AND SURETY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, January 8, 1906.**

**INSURANCE: Accident: Intentional Injury: Assault.** The assured
under an accident policy excepting injury intentionally inflicted,
cannot recover where he is assaulted and intentionally injured.

Appeal from Jackson Circuit Court.—*Hon. John A. Sea,*
Special Judge.

REVERSED.

*Hunt C. Moore* and *Pratt, Dana & Black* for appel-
lant.

There is no question but that plaintiff was inten-
tionally injured. There should be no recovery for that
reason alone. Ins. Co. v. McConkey, 127 U. S. 667;
Phelan v. Ins. Co., 38 Mo. App. 640; Hutchcraft v. Ins.
Co., 18 S. W. (Ky.), 570; De Graw v. Accident Society,
4 New York Sup. 912; Ben.    Soc. v. Dudley, 61 N. E.
207; Butero v. Ins. Co., 71 N. W. 811; Fisher v. Ins.
Co., 19 Pac. 425; Ins. Co. v. McCarty, 25 Pac. 713;
Orr v. Ins. Co., 24 So. 997.

*Olney Burrus* for respondent.

This subject has been fully discussed by .the Su-
preme Court of Missouri. Overton v. Ins. Co., 39 Mo.
122; Harper v. Ins. Co., 18 Mo. 109; Harper, Admr., v.
Ins. Co., 18 Mo. 318; Phelan v. Ins. Co., 38 Mo. App.
640; Cullins v. Insurance Co., 63 Mo. App. 253; Lovelace
v. Association of Amer., 126 Mo. 104.

ELLISON, J.—The present action is based on a policy of insurance. The judgment in the trial court was for the plaintiff. The plaintiff became engaged in a difficulty with another, in which we shall assume the other party was the aggressor and that plaintiff was without fault. In the difficulty, the other party threw a brick at plaintiff striking him on the arm and injuring him. The policy contained the following clause:

"This insurance does not cover disability from chronic or venereal diseases or diseases not common to both sexes; or from diseases resulting from the use of intoxicants or narcotics; or from disease or sickness or injuries resulting from a surgical operation; or from injuries intentionally inflicted upon the assured or received while or in consequence of violating the law, or fighting."

There can be no doubt that the judgment rendered is in the face of the express provision of the policy. That provision is that, if the injury was intentionally inflicted, there was no liability. In other words there was no insurance for such character of injury. Such has been the decision in a number of cases directly on the question. [Phelan v. Travelers' Ins. Co., 38 Mo. App. 640; Travelers' Ins. Co. v. McConkey, 127 U. S. 661; Hutchcraft v. Ins Co., 87 Ky. 300.] The case of Collins v. Fidelity & Casualty Co., 63 Mo. App. 253, cited by plaintiff, did not contain a provision of exemption like that in this policy. The judgment is reversed.

All concur.