HESSLER, ADMINISTRATOR, *v.* FEDERAL CASUALTY COMPANY.

[No. 23,894.   Filed January 4, 1921.]

1. NEW TRIAL.—*Denial of Motion.—Evidence.—Insufficiency.*— There was no error in overruling a motion for new trial on the ground of insufficiency of evidence to sustain special findings, upon which conclusions of law were stated in favor of the defendant, where the facts substantially as pleaded in the complaint and proved, without material contradiction, were recited in such findings.   p. 73.

2. INSURANCE.—*Accident.—Death at Hands of Robber.*—In the absence of a limitation in the policy, an accident insurance policy covers the death of the insured at the hands of a robber.   p. 74.

3. INSURANCE.—*Accident.—Construction.—Words on Back of Policy.*—In construing a policy of accident insurance, words printed on the back purporting to sum up what is embraced in the policy constitute a part of the contract, and are considered in its construction.   p. 74.

4. INSURANCE.—*Accident.—Construction of Policy.—Ambiguity.* —Where the meaning of a policy of insurance is ambiguous or the policy is so drawn as to be fairly susceptible of different constructions, that construction will be adopted which is most favorable to the insured.   p. 75.

5. INSURANCE. — *Accident. — Construction of Policy.* — An unequivocal statement on the back of a policy, in a manner to catch the eye of the holder, that it covered injuries inflicted by robbers, without suggestion that it was subject to any limita-

tions that would defeat or reduce liability in such particular, when considered with the opening line stating that the insurance was subject to all provisions "herein contained and endorsed hereon," forbids the construction that the liability was limited by a provision in small type in the body of the policy purporting to reduce such liability to twenty per cent. in case of "injuries inflicted upon the insured by himself or by any other person," since the construction thus suggested to induce execution of the contract and payment of premiums must be adhered to in settling for a loss. p. 75.

From Allen Circuit Court; *John W. Eggeman,* Judge.

Action by John Hessler, administrator of the estate of Joseph F. Parrant, deceased, against the Federal Casualty Company, of Detroit, Michigan. From a judgment for only the amount tendered by the defendant, the plaintiff appeals. *Reversed.*

*Edward W. Meyers* and *Joseph M. Haley,* for appellant.

*Harry H. Hilgeman* and *Stephen A. Callahan,* for appellee.

EWBANK, J.—This was an action to recover on a policy of accident insurance, issued to Joseph F. Parrant, which was in force at the time of said Parrant's death. The complaint was in one paragraph, and, in addition to stating facts showing that the insured held a policy of accident insurance issued by the appellee company and that appellant was entitled to recover thereon for the death of the insured, it alleged that the insured was killed by a robber, who came into the store where he was employed, intending to commit robbery, and after requiring the insured to hold up his hands, under threat of injury, shot and killed the insured, when another employe in the store approached from behind.

The face of the policy of insurance, which was made a part of the complaint, and was also introduced in evidence, is printed on a double page, eleven by seventeen

inches in size, and recites that for a consideration named the appellee "does hereby insure the person described in said application subject to all of the provisions, *conditions and limitations* herein contained and *endorsed hereon* * * * for loss of life, Five Hundred Dollars (the principal sum of this policy)." (Our italics.)

The signatures of the president and secretary of the appellee company are at the bottom of the double page, on the face of the policy, and it is also countersigned on that page. The policy is so prepared and folded that the reverse side contains two pages, each eight and one-half by eleven inches, on one of which, again folded to make the outside of the folded policy, are a series of thirteen conditions, while on the other, the back page, as it is folded, is a copy of the application for the policy, with an express statement at the top that "the following is a copy of the application and a part of the insurance contract." And below the copied application is the statement that "this policy, subject to its conditions, covers over twenty-five hundred diseases, of which the following are among the most prevalent and common," followed by a list of sixty diseases, arranged alphabetically, running from appendicitis to yellow fever. Immediately below is the statement that "it also covers all bodily injuries caused by accidental means, such as * * * gun shot wounds * * * injuries inflicted by robbers or highwaymen * * * whether such accidents happen at home, in the office, store, shop," etc.

On the face of the policy on the double page, above the signatures, are a series of clauses, numbered alphabetically from (a) to (k) inclusive, each of which shows some beneficial provision in favor of the insured, the several clauses being each under one of the following headlines, printed in capital letters: "ACCIDENT

INDEMNITY—TOTAL LOSS OF TIME," "ACCI-DENT INDEMNITY—SPECIFIC LOSSES," "FOR LOSS OF LIFE," "ACCIDENT LOSSES—DOUBLE INDEMNITY," "BENEFICIARY INSURANCE," "SPECIAL INDEMNITIES," "ILLNESS INDEM-NITY," "QUARANTINE INDEMNITY," "SPECIAL DISEASES," "TEN PER CENT. INCREASE IN IN-DEMNITIES," and "SIXTY PER CENT. ACCUMU-LATION."

Following these, printed in small type, without any further headlines, are three clauses, numbered (1), (m), and (n) respectively, each of which undertakes in some way to limit the liability of the appellee. Clause (1) states a limitation on the liability for disability caused by carbuncles, and similar affections, and clause (n) provides that proofs of injury, illness, death, or disability, must be furnished within thirty days, and stipulates what must be established by such proofs, and imposes certain limitations on the right to sue for the recovery of any claim, and that "any claim not brought in conformity with the provisions of this paragraph shall be forfeited to the company," with certain stipulations against the forfeiture by the company of its rights of defense. And clause (m) reads as follows:

"(m) In event of death, disability or loss from injury, except drowning, of which there is no external or visible mark or contusion on the body; or death, disability or loss due partly to injury and partly to disease or bodily infirmity; or death, disability or loss, due wholly or in part to, or resulting directly or indirectly from, *injuries intentionally inflicted upon the assured by himself or by any other person,* unnecessary exposure to danger, attempt to evade arrest, rioting, strikes, poison, anaesthetic, injuries received by the assured while under the influence of any intoxicant or narcotic, or while violating law or the rules of a corporation, *injuries inflicted upon the assured by himself or received by him while insane,* injuries received

by the assured while in or on or in consequence of being in or on or attempting to get in or out of any aerial machine or conveyance, or disability resulting wholly or in part, directly or indirectly from dementia, insanity, surgical operation for any chronic ailment, or any venereal disease,—then, in any such case referred to in this paragraph, the limit of the company's liability shall be twenty per cent of the amount which would otherwise be payable under this policy." (Our italics.)

The complaint also alleged that proofs of loss were duly furnished and that appellant and the insured complied with all the conditions of the policy on their part.

The appellee filed an answer in two paragraphs: First. An answer of general denial. Second. Setting out clause (m) as above recited, and alleging that the insured was intentionally shot with a pistol or revolver by some unknown person, and thereby received injuries intentionally inflicted upon him by the said unknown person, from which injuries he died, and reciting the facts attending the injury and death, substantially as stated in the complaint, and stating the legal conclusion that under the terms of the clause (m) of the policy the appellant was entitled to recover only twenty per cent. of the $500 demanded, and also averring that the appellee was and always had been ready and willing to pay that amount, together with interest thereon, but did not owe the appellant any more than such twenty per cent. with interest thereon. It also alleged that a legal tender of the sum of $127 was made by appellee to the appellant, and by him refused, and that the appellee brings into court, tenders to appellant and deposits in court for his use said amount. The appellee also offered in open court to allow judgment in favor of appellant for $127 and accrued costs.

To this paragraph of answer the appellant replied by a denial. The cause was submitted for trial, and

at the request of the appellant a special finding of facts was made, on which the court stated its conclusions of law: (1) That the appellant was entitled to recover from the appellee $154.70, with his costs to the time of the offer to confess judgment; and (2) that the appellee was entitled to recover its costs after the time of making such offer, to each of which conclusions of law the appellant reserved an exception.

Thereupon judgment was rendered in conformity with the conclusions of law.

The appellant also filed a motion for a new trial, on the alleged grounds that the decision is not sustained by sufficient evidence, and is contrary to law, and duly excepted to the overruling of such motion. The errors assigned and not waived challenge each of the conclusions of law, and the ruling on the motion for a new trial.

The policy, as alleged in the complaint, was read in evidence, and the evidence proved, without material contradiction, the facts substantially as they were 1. alleged in the complaint and in the second paragraph of the answer, including the facts that the purpose of the unknown person in entering the store was to commit robbery, and that the death of the insured was wholly due to and resulted directly from injuries intentionally inflicted upon him by said unknown person. But as these facts were all recited in the special finding, just as the evidence tended to establish them, there was no error in overruling the motion for a new trial.

It remains to determine whether, upon the facts above set out, as so alleged, proved, and recited in the special finding, the conclusions of law stated by the trial court were correct, and, if they were erroneous, in what the error consisted.

The question presented for decision is whether the

fact that the insured died from wounds intentionally inflicted upon him by a robber, while in the store where he was employed, brings this case within the limitation contained in clause (m), so as to reduce the amount of the insurance to twenty per cent. of the face of the policy, or whether, when construed in connection with the express provision in the face of the policy that the contract is "subject to all the provisions * * * endorsed hereon," and the statement on the back of the policy that "it also covers all bodily injuries caused by accidental means, such as * * * gun shot wounds, * * * injuries inflicted by robbers or highwaymen * * * at home, in the office, store, shop," etc., the limitation as to "injuries intentionally inflicted upon the assured by himself or by any other person," contained in clause (m) should be held not to apply to the facts of this case.

Except for the limitation as to injuries "intentionally inflicted upon the assured by * * * any other person," there could be no doubt that the policy covered the death of the insured at the hands of the 2. robber. *Travelers Protective Assn.* v. *Fawcett* (1914), 56 Ind. App. 111, 104 N. E. 991.

There is some authority to the effect that, if the limitation in clause (m) stood alone, it might be construed to reduce the amount of the recovery in 3. case the injuries were intentionally inflicted by a third person in an attempt to rob the insured. *Washington* v. *Union, etc., Surety Co.* (1906), 115 Mo. App. 627, 91 S. W. 988; *Orr* v. *Travelers Ins. Co.* (1898), 120 Ala. 647, 24 South. 997; *Travelers Ins. Co.* v. *McConkey* (1888), 127 U. S. 661, 667, 8 Sup. Ct. 1360, 32 L. Ed. 308; *Travelers Protective Assn.* v. *Fawcett, supra.* But, in construing a policy of accident insurance, words printed on the back of the policy, purporting to sum up what is embraced by it, constitute

a part of the contract, and are to be taken into consideration in its construction. 25 Cyc 744.

Where the meaning of a policy of insurance is ambiguous, or it is so drawn as to be fairly susceptible of different constructions, it will be construed 4. strictly against the insurer, and that construction will be adopted which is most favorable to the insured. *Utter* v. *Travelers' Ins. Co.* (1887), 65 Mich. 545, 32 N. W. 812, 8 Am. St. 913; *Federal Life Ins. Co.* v. *Kerr* (1910), 173 Ind. 613, 618, 83 N. E. 398, 91 N. E. 230; 1 C. J. 414, §37; 1 May, Insurance (4th ed.) §§174, 175; 1 Wood, Insurance (2d ed.) §§60, 62.

And the unequivocal statement on the back of the policy, presented in a manner to catch the eye of the insured, that "it also covers all bodily injuries 5. caused solely by accidental means, such as * * * gun shot wounds * * * injuries inflicted by robbers or highwaymen * * * at home, in the office, store, shop," etc., expressly referred to in the opening lines of the policy by the expression that the insurance is "subject to all of the provisions * * * herein contained and endorsed hereon," forbids that a limitation which purports to reduce the amount of liability in case of "injuries inflicted upon the insured by himself or by any other person," hidden away in small type, in clause (m) following, without further headline, other clauses placed under the headline in capital letters of "SIXTY PER CENT. ACCUMULATION," shall receive a construction that will defeat the recovery in this case of all but twenty per cent. of the face of the policy.

It will be observed that the enumeration on the back of the policy of what it "also covers" does not suggest that in this particular it is subject to any limitations or conditions that would defeat or reduce the declared

liability in case of an injury caused by gun shot wounds, inflicted by robbers in the store where the insured was employed.

There is hardly room for doubt that, when the policy with the quoted statement printed on the back of it was presented to the insured in soliciting his application for insurance and collecting the initial premium, he would understand that he was insured for $500 against death inflicted by a gun in the hands of a robber who might invade his working place, and that the appellee company printed those words below the application on the back of the policy with the intention that the insured should so understand his contract. The construction thus suggested to induce the execution of the contract and the payment of premiums must be adhered to in settling for a loss covered by the policy.

The judgment is reversed, and the cause is remanded, with directions to restate the conclusions of law in conformity with this opinion, and to render judgment in favor of the appellant for the full face of the policy, together with accrued interest and costs.