Order of United Commercial Travelers of America
v. Walter J. Singletary.

149 So. 480.
Opinion Filed June 28, 1933.
Rehearing Denied August 1, 1933.

*James H. Finch* and *E. W. Dillon,* for Plaintiff in Error;
*John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

PER CURIAM.—In an action on a policy of insurance the declaration contains the following:

"The defendant in consideration of the plaintiff's application for membership and benefits of the Order, and of the application fee paid by him, about Nov. 12, 1925, accepted plaintiff as a member in 'Class A,' and insured him for benefits against certain bodily injuries that might occur to him by accident. A copy of his certificate of membership is hereto attached marked Exhibit 'A' and is made a part of this declaration. That afterwards, to-wit, about July 7, 1930, the plaintiff being a member in good standing and entitled to the benefits accruing to members in his class, suffered injury in the total loss of both eyes, by accidental means within the terms of said certificate, and the Constitution and By-Laws of the Order, to-wit: gun shot wounds to the injury and damage of the plaintiff of $3,000.00."

A plea contains the following:

"This defendant avers that is is expressly provided by the Constitution of this defendant Company, in force and effect at the time of said injury, and made a part of the contract of insurance between the plaintiff and this defendant, that this defendant should not be liable to any person for any benefit, compensation or damage resulting from injuries intentionally inflicted by others, except where such injuries are inflicted for the sole purpose of burglary or robbery,

or by an insane person, the intent to commit burglary or robbery to be established by the claimant and the insanity to be established by a court having competent jurisdiction. And this defendant avers that the injury sustained by the plaintiff, of which he complains, was intentionally inflicted by others, and that it was not inflicted for the sole purpose of burglary or robbery, nor was such injury inflicted by an insane person; and that therefore the plaintiff is not entitled to recover any sum whatever from this defendant."

The policy contains a provision that

"This Order shall not be liable to any person for any benefit for any death, disability or loss resulting from * * * injuries (fatal or otherwise) intentionally inflicted by others (except where such injuries are inflicted for the sole purpose of burglary or robbery or by an insane person, the intent to commit burglary or robbery to be established by the claimant and the insanity to be established by a court having competent jurisdiction.)"

The person who fired the gun causing the injury testified:

"I don't know whether he was hit in the eyes or not, I shot him in the face I know. I shot him in the face between the eyes or about the eyes, but I couldn't state of my own knowledge that he was shot in the eyes."

"I intended to defend my life. I had no intention of shooting his eyes out, and I did not intend to shoot at his body, but I shot him with the purpose and intention of killing him. I shot at his head to kill him and not to put his eyes out."

This and other evidence show an injury intentionally inflicted though the injury was not fatal as intended.

Verdict and judgment for $3,000.00 were rendered for the plaintiff and defendant took writ of error. Plaintiff

in error in effect contends that the person who fired the gun intentionally shot the defendant in error· in the face and in so doing intentionally injured the defendant in error by putting out both eyes and that there can be no recovery under the policy though the intention was not to put out the eyes. Defendant in error claims a right to recover on the ground that the intention was to kill and not to put out the eyes. The question is whether the intentional act must relate to a particular injury definitely intended or to an injury that should have been foreseen as a probable result of the intentional act.

Where an insurance policy excepts from its liability provisions "injuries intentionally inflicted" upon the insured by another, there can be no recovery for an injury that indirectly and immediately results from an intentional act of another, with intent to injure the insured, the nature of which injury reasonably could have been foreseen as a direct result of the intentional act. Matson v. Travellers' Ins. Co., 93 Me. 469, 45 Atl. 518, 74 Am. St. Rep. 368; Travellers' Protective Ass'n of America v. Weil, 40 Tex. Civ. App. 629; Washington v. Union Casualty & Surety Co., 115 Mo. App. 627, 91 S. W. 988; I C. J. 443.

There may be a recovery where the injury alleged was not directly caused by the intentional act of another that is complained of, but by a subsequent happening, as where in an action on a policy for an accidental death it is shown that an intentional blow in the face caused the person intentionally struck to fall on a hard surface which fractured the skull causing death, when the blow was made with no intent to kill but with intent to strike, the death being caused by a fall which was not intended or foreseen by the assailant. In such case the death was due to the fall, striking the head on a hard surface, and not to the blow inten-

tionally inflicted upon the insured by his assailant with no intent to kill. See Union Accident Co. vs. Willis, 44 Okla. 578, 145 Pac. 812, L. R. A., 1915 D, 358, and notes in Vol. 3, Ann. Cas. 1914 C. p. 1236, *et seq.*

The foregoing statement insofar as the law of this case is therein announced, is agreed to by every member of this Court. But the Court is evenly divided as to whether or not the case should be reversed solely on the facts, in view of the jury's verdict and its approval by the trial judge, finding the facts in favor of the plaintiff on the issues made by the defendant's special plea, referred to in the previous statement.

Mr. Chief Justice DAVIS, Mr. Justice TERRELL and Mr. Justice BUFORD are of the opinion that on the facts as found by the jury, the verdict and judgment should not be disturbed. Mr. Justice WHITFIELD, Mr. Justice ELLIS and Mr. Justice BROWN are of the opinion that the evidence is legally insufficient to sustain the verdict and that therefore the judgment should be reversed.

Under the circumstances the judgment will be affirmed by an evenly divided court, on the authority of State v. McClung, 47 Fla. 224, 37 Sou. Rep. 51.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.