HOBSON, Justice.
Plaintiff-appellant, Ethel Golden, prosecutes this appeal from an order of the circuit court granting a summary judgment for defendant. In her complaint Ethel Golden had alleged that she was the beneficiary of a policy of insurance on the life of James Golden, deceased. This policy, a copy of which was attached to the complaint, read in part as follows:
“Benefits
“Upon receipt of satisfactory proof to the Company * * * that the Insured * * * has sustained bodily injury resulting in death within ninety (90) days thereafter through external, violent and accidental means, of which * * * there is a visible contusion or wound, on the exterior of the body, death being the direct result thereof, and independent of all other causes, then upon surrender of this Policy, the sum stipulated herein becomes payable to the Beneficiary * *.
“Exceptions
“The Agreement as to benefit under this Policy shall be null and void if the Insured’s death results, directly or indirectly, from any of the following causes:
* * * * * *
“(e) As a result from the intentional act or acts of any person or persons.”
The defendant insurer in its answer denied liability under exception “(e)”, above, on the ground that the death of the insured resulted from the intentional act or acts of one' Roberta Brown. It also contended that death was not the result of an accident. Affidavits were filed, indicating that the deceased hit Roberta Brown and knocked her down, whereupon she rose from the ground and stabbed him in the heart, producing a wound from which he bled to death. There was some evidence of a statement that she had intended to stab Golden, but not to kill him.
The circuit court, in granting defendant’s motion for summary judgment, made, inter alia, the following findings :
“There is no issue here with respect to the fact that the decedent, the insured, came to his death as the direct result of a stab wound in the chest intentionally inflicted by one Roberta Brown. The Court finds as a matter of law that death is a natural and foreseeable result of the act of inflicting a wound such as is established without dispute on this record. The Court further finds that the only fact on which any issue is made by the plaintiff is the specific intent of Roberta Brown to effect the death of the decedent. It is the Court’s conclusion that such specific intent is an immaterial fact in this cause, and that, it is determined as a matter of law that the decedent’s death falls within exception (e) of the terms of the policy sued on. There is therefore no genuine issue as to any material fact in this cause and plaintiff cannot recover as a matter of law.”
We find no error in this ruling. Many cases from other jurisdictions are referred to by both parties, but we believe that oui opinion in Order of United Commercial Travelers v. Singeltary, 111 Fla., 248, 149 So. 480, 481, is applicable here, and adequately states the law on the subject, even *843 though the case concerned a clause excepting death or disability from “ ‘injuries intentionally inflicted’ ”. We there held that under such a clause there can be no recovery for injury resulting from the intentional act of another “with intent to injure the insured, the nature of which injury reasonably could have been foreseen as a direct result of the intentional act”. We also held in that case that where the injury which occurred is not reasonably foreseeable, but is attributable to a subsequent happening “not intended or foreseen”, recovery may be granted. We think that the undisputed facts of this case bring it within the first rule. Death from a stab wound in the heart may reasonably be foreseen. There was no non-foreseeable subsequent happening to take the case out of the rule.
Affirmed.
MATHEWS, C. J., and TERRELL and SEBRING, JJ., concur.