Samuel S. STERNECK, Appellant,

v.

EQUITABLE LIFE INSURANCE COM-
PANY OF IOWA, a corporation,
Appellee.

No. 15542.

United States Court of Appeals
Eighth Circuit.

Oct. 30, 1956.

Max Sigoloff, St. Louis, Mo. (Edward
E. Murphy, Jr., St. Louis, Mo., on the
brief), for appellant.

Charles C. Allen, Jr., St. Louis, Mo.
(Allen & Allen and Leonard J. Holland,
St. Louis, Mo., on the brief), for ap-
pellee.

Before GARDNER, Chief Judge, and
WOODROUGH and VOGEL, Circuit
Judges.

VOGEL, Circuit Judge.

This is an action for a declaratory
judgment on a life insurance policy. It
was originally instituted in the Cir-
cuit Court of the City of St. Louis, Mis-
souri, from whence it was removed to
the federal court, there being diversity
of citizenship and more than the statu-
tory amount involved. In plaintiff-ap-
pellant's petition for declaratory judg-
ment he asks the court to construe the
policy of insurance involved as an or-
dinary life insurance contract not ter-
minable after the payment of 29 yearly
premiums and to adjudge and decree
the policy to be in force and effect dur-
ing the lifetime of the assured upon
payment of premiums. The allegations
of the petition to the effect that the

contract was an ordinary life policy were denied by the defendant-appellee, whereupon both parties filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In granting defendant-appellee's motion, the District Court stated:

"It is the court's opinion that the policy in question is a term policy and the defendant is entitled to have its motion for summary judgment sustained and the plaintiff's motion for summary judgment overruled."

The parties will be referred to herein as they were designated in the court below.

The contract with which we are concerned is entitled "Convertible Term Policy Expiring at Age 65". On the outside of the policy appears the following: "Non-participating Convertible Term Policy (Expiring at Age 65)." Plaintiff made application for the insurance in the usual way. In answer to query No. 12, "Plan of insurance desired", he plainly stated, "Term to age 65." The insuring clause of the contract provides that the defendant "promises to pay * * * to Rose Sterneck, wife, the sum of $5,000.00 * * * upon receipt at its said office of due proof of the death of Samuel S. Sterneck, the insured, provided such death occurs before the anniversary of this policy nearest the 65th birthday of the insured and while this policy is in full force".

Under provision No. 11, entitled "Options of Conversion", appears the following:

"At any time within ten years from the date hereof and provided that the insured has not attained the age of 60 years, upon legal surrender while in full force, this policy may be exchanged without medical re-examination for a policy upon any Life or Endowment plan * * *."

Thereafter are contained provisions with reference to the payment of increased premiums, dependent, of course, upon the type of insurance to which the contract might be converted. The contract contained non-forfeiture and cash surrender provisions, in the event of default, providing for paid-up insurance "expiring at age 65", automatic extended insurance and cash values. It is conceded that the plaintiff did not attempt to convert the policy to another form of insurance within ten years from the date of the policy or at any time. It is further conceded that the plaintiff paid all of the required premiums on the policy until 1953, the anniversary of the policy nearest his 65th birthday, and that thereafter the defendant refused to accept any more premiums and advised the plaintiff that his rights under the policy had expired.

In their motions for summary judgment, both parties claimed that there was " * * * no genuine issue as to any material fact * * *". Nevertheless, plaintiff argues here that the District Court was in error in granting defendant's motion for summary judgment and now claims " * * * there were disputed issues of fact". An examination of plaintiff's petition, however, does not indicate that it raises any issue aside from the interpretation of the insurance policy itself. After setting forth generally some of the provisions of the policy over which the suit was instituted, plaintiff in paragraph 6 alleges:

" * * * he was led to believe *by the terms thereof* that it was an ordinary life insurance policy * *." (Emphasis supplied.)

In paragraph 7, among other things, he alleges:

" * * * and by reason of plaintiff maintaining that said contract of insurance by its terms and by virtue of the representations made to him is an ordinary life insurance policy under which the defendant agreed and obligated itself to pay to his beneficiary * * * an actual *controversy and dispute* has arisen between plaintiff and defendant under said policy of insurance *as to whether the policy is an ordinary life*

*policy, or a policy contract under which plaintiff is no longer insured in case of his death. \* \* \* plaintiff is entitled to have this court declare the present existing right of plaintiff under said contract of insurance and the legal obligation of the defendant to the plaintiff \* \*."* (Emphasis supplied.)

Plaintiff argues in his brief that he:

"\* \* \* has not alleged mistake or fraud in so many words, but that is a fair intendment from the allegations as to the representations made."

From our examination of plaintiff's petition, we cannot agree. Nowhere does plaintiff allege fraud nor does plaintiff seek a reformation of the contract but merely a construction thereof. It is true that even where both parties present motions for summary judgment, the court is not warranted in granting judgment unless as a matter of law no genuine issue upon the facts appears. F.A.R. Liquidating Corp. v. Brownell, 3 Cir., 1954, 209 F.2d 375, 380. Here, however, no issue is raised excepting only as to an interpretation of the insurance policy itself. No affidavits or other proof were offered in the court below nor did plaintiff indicate to that court in any way that he was relying on anything other than the pleadings.

We hold that the record presented no genuine issue as to any material fact and that the court properly considered the motions for summary judgment on that basis.

We now turn to the question of whether or not the District Court committed error in construing the policy as a term policy and in granting defendant's motion for summary judgment.

Plaintiff claims that an ambiguity exists in the policy and directs attention to Paragraph 12 of Options of Settlement:

"The insured \* \* \* or the beneficiary after the death of the insured \* \* \* may \* \* \* elect to have the net proceeds of this policy upon the death of the insured or upon maturity or surrender \* \*."

From this, plaintiff argues that the first and last events (death and surrender) are clear but that "maturity" is ambiguous. His interpretation of the provision is that the policy "matures" at age 65, which could reasonably be taken to mean that benefits are then payable, not that they then cease. The language of this provision is unfortunate and is capable of more than one meaning in the context used by the insurer. Whatever the insurer means by "maturity", it is reasonable that the insured might infer that payment, not termination, was due at age 65. Extended discussion of this point would only serve to demonstrate that the word "maturity" is susceptible of different constructions, therefore is ambiguous. Doubtless this provision of the contract should have been stated in words less liable to be misunderstood; however, any possible doubt as to the meaning is removed by prior clauses which make the policy unambiguous in any sense of the word. The policy is designated both on its back and at the top of the front page as a convertible term policy expiring at age 65. Plaintiff contends that such designations are not a part of the insurance contract and cites Maryland Casualty Co. v. Massey, 6 Cir., 1930, 38 F.2d 724, 725, 71 A.L.R. 1428, certiorari denied 282 U.S. 853, 51 S.Ct. 30, 75 L.Ed. 756, together with other cases not from the State of Missouri. Suffice it to say that the rule announced in Maryland Casualty Co. v. Massey, supra, is not the law of Missouri. The Supreme Court of Missouri, in Doty v. American National Ins. Co., 1942, 350 Mo. 192, 165 S.W.2d 862, 869, 143 A.L.R. 1062, considered the question, cited the Maryland Casualty Co. v. Massey case, and specifically held to the contrary. That court quoted with approval the following statement from Hessler v. Federal Cas. Co., 190 Ind. 68, 129 N.E. 325, 327, 14 A.L.R. 1329:

"\* \* \* words printed on the back of the policy purporting to sum up what is embraced by it, constitute a part of the contract, and are to be

taken into consideration in its construction."

We are bound by the law of Missouri and accordingly must consider general designations, such as words printed on the back or top of the policy purporting to express what the contract embraced, as being a part of the contract. The application states the plan of insurance desired is "Term to age 65". Plainly throughout the policy it is designated as a convertible term policy expiring at age 65. Most important, the insuring clause on the face of the policy makes it abundantly clear that liability to pay the face amount is predicated *upon the death of the insured before the anniversary of the policy nearest the 65th birthday of the insured.*

In all important aspects of this policy there is no ambiguity. A contract that is plain and unmistakable in its terms may not be rewritten by a court to conform to what one of the parties may have thought the contract ought to be. Mr. Chief Justice Hughes stated the general rule in Williams v. Union Central Life Ins. Co., 1933, 291 U.S. 170, 180, 54 S.Ct. 348, 352, 78 L.Ed. 711:

"As there is no ambiguity in the provisions under consideration, there is no occasion for resort to the familiar principle that equivocal words should be construed against the insurer. While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations."

This court had occasion to examine the law of Missouri in this respect in Mutual Benefit Health & Acc. Ass'n v. Hobbs, 8 Cir., 1951, 186 F.2d 321, 323:

"It is also the rule in Missouri that when the language of a contract is plain and its meaning unmistakable, there is no ambiguity and no room for construction, and the court cannot strain into it an unnatural interpretation or substitute a different contract. The court can only construe when the contract is reasonably or fairly susceptible of different constructions. New York Life Ins. Co. v. Jackson, 7 Cir., 98 F.2d 950, 951; Serabian v. Metropolitan Life Ins. Co., Mo.App., 17 S.W.2d 646; Kansas City to Use of Kansas City Hydraulic Press Brick Co. v. Youmans, 213 Mo. 151, 112 S.W. 225; Wood v. Utter, 229 Mo.App. 309, 77 S.W.2d 832, 838; 17 C.J.S., Contracts, § 294. This is not only the law of Missouri, but it is the generally accepted rule. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 76 L.Ed. 416."

See also Liederman v. Independent Order of Brith Sholom, 1943, 351 Mo. 658, 173 S.W.2d 848.

In concluding that this policy is a term policy, we are giving effect to the general rule that the whole of the instrument must be considered and not only isolated parts. The intent of the parties is gathered from the whole of the policy and not from detached portions. Rickey v. New York Life Ins. Co., 1934, 229 Mo.App. 1226, 71 S.W.2d 88, 93. The rights of the plaintiff are too clearly set forth throughout the policy to permit an undefined word in one of the clauses, standing alone, to impart an ambiguity to the entire policy. We concur with the District Court's finding that the policy in question was a term policy and hold that summary judgment in favor of the defendant was proper.

Affirmed.