TAYLOR, HUGH M., Associate Judge.
The parties will be referred to as they appeared in the court below, where appellant was plaintiff and appellee was defendant.
Plaintiff sued defendant to recover the indemnity specified for the loss of an eye in a policy of insurance issued by defendant to plaintiff.
Defendant denied liability, asserting that plaintiff’s injury was not covered by the policy because of the following exclusion:
“The agreement as to benefit under this policy, however, shall be null and void if the insured’s death or other loss covered by this policy results directly or indirectly from any of the following causes, from intentional act or acts of any person or persons.”
At the conclusion of the evidence on a trial of the case, the trial court instructed a verdict and entered judgment for the defendant. Plaintiff has appealed.
For the purpose of this appeal the facts developed by the evidence, though not without conflict, may be stated as follows: One James Brooks intentionally discharged a shotgun twice, the first time aiming over the head of plaintiff without intent to injure him, the second time aiming directly at plaintiff and having a conscious intent to injure plaintiff but without a specific intent to put out plaintiff’s eye. A pellet from one of these shots struck and caused the loss of plaintiff’s left eye.
Without expressing any opinion as to the weight of the evidence, we find that there was, in the testimony of the plaintiff, evidence from which the jury could have found that the plaintiff’s injury resulted from one of the pellets of the first shot ricocheting *609 from a branch of a tree and striking plaintiff’s eye.
An insurance policy almost identical in language with that before us was construed by the Supreme Court in the case of Golden v. Independent Life & Accident Insurance Co., 77 So.2d 841, 843 in which the court discussed the earlier case of Order of United Commercial Travelers of America v. Singletary, 111 Fla. 248, 149 So. 480, and said:
“We there held that under such a clause there can be no recovery for injury resulting from the intentional act of another ‘with intent to injure the insured, the nature of which injury reasonably could have been foreseen as a direct result of the intentional act’. We also held in that case that where the injury which occurred is-not reasonably foreseeable, but is attributable to a subsequent happening ‘not intended or foreseen’, recovery may be granted.”
If plaintiff lost his eye as a result of the second shot when Brooks intentionally discharged the shotgun aiming at plaintiff with the intent to injure plaintiff, the fact that there was no specific intent to put out plaintiff’s eye would not prevent the injury coming within the exclusion above quoted. The putting out of an eye is a result which a reasonable man would foresee as a probable consequence of shooting at a man with a shotgun.
But if plaintiff lost his eye as a result of the first shot which, although intentionally fired, was aimed above plaintiff’s head and fired with the intent not to physically injure but only to frighten him, then a verdict for plaintiff could be properly returned provided the jury found from all the surrounding circumstances that a reasonable man would not have foreseen the loss of plaintiff’s eye as a probable consequence of firing the shot.
We do not hold that a finding that plaintiff was injured by the first shot would necessitate a verdict for plaintiff. That shot might have been aimed so close to plaintiff or in the vicinity of so many objects that would tend to cause shots to ricochet that a reasonable man would anticipate some injury, such as the loss of an eye, to result; in which event plaintiff could not recover.
We do hold that the evidence was such-that it cannot be said that, as a matter of . law, a jury of reasonable men could not have found1 that the loss of plaintiff’s eye was not reasonably foreseeable from the act of Brooks rn firing the first shot.
For the reason noted, the judgment appealed from must be reversed and a new' trial ordered.
In its brief appellee suggests that there is a fatal variance between the complaint and the proof, inasmuch as the complaint alleges that the shotgun was unintentionally discharged as the basis of avoiding application of the exclusion in the policy.
The statement of the trial court clearly discloses that this was not the basis of the order directing a verdict for the defendant. Consequently we will not attempt to support the judgment with this weak prop. However, plaintiff might consider the advisability of amendment before another trial.
Reversed.
WIGGINTON, C. J., and STURGIS, J., concur.
*610 I