WILLIAM HANEY, SPECIAL ADMINISTRATOR OF THE ESTATE OF JESSIE M. HANEY, DECEASED v. OLD EQUITY INSURANCE COMPANY, AN INDIANA CORPORATION.

[No. 1-1272A113. Filed May 14, 1973. Rehearing denied June 20, 1973. Transfer denied October 16, 1973.]

*Charles W. Cooper, Cooper, Cox, Jacobs & Kemper,* of Madison, for appellant.

*Harold H. McConnell, Hamilton & McConnell,* of North Vernon, for appellee.

ROBERTSON, P.J.—This is an action by plaintiff-appellant (William K. Haney) as the administrator of the estate of Jessie M. Haney, deceased, to recover benefits under an insurance policy entitled as a "Lifetime Income Protection Policy," issued by defendant-appellee (Old Equity) to the decedent. The cause was tried without a jury and upon conclusion of plaintiff's evidence the court sustained defendant's motion to dismiss the complaint, and entered judgment for defendant. Plaintiff's motion to correct errors, which was overruled, alleges that the court's decision in sustaining the motion to dismiss was contrary to the evidence and contrary to law.

The insurance policy in question was issued to Jessie M. Haney, the plaintiff's mother, on March 15, 1950, and remained in effect continuously until December 18, 1961, when the insured died, according to the testimony of plaintiff, a licensed physician, as the result of an embolism caused by a fractured humerus. The diagnosis as to the cause of death was confirmed by two other physicians. Dr. Haney also testified that

the insured was involved in an automobile accident nine to ten days prior to death and that in his opinion the accident caused the fractured humerus and ultimately death.

The named beneficiary of the Old Equity policy was Fred J. Haney, the insured's husband, who predeceased Jessie Haney, leaving Dr. Haney as the sole surviving heir. The policy provided, among other things, payment of benefits for accidental injuries resulting in loss of life, limb, sight or time. The principal sum of the policy and the amount payable upon accidental death was $2,500, with an annual death benefit increase of ten per cent, not to exceed one hundred per cent, for each year the renewal premium was paid in advance. In the standard provisions section of the policy it was further provided that:

> "No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

Within approximately thirty days after the insured's death, Dr. Haney notified Old Equity of his mother's death and requested and received the appropriate claim forms, which he filled out and returned as proof of loss. Dr. Haney filed the claim as the sole surviving heir of the insured. Thereafter, Dr. Haney received a check for $53.34, payable to the estate of Jessie M. Haney, from Old Equity, with an accompanying letter stating that the $53.34 was in complete settlement of the claim. The letter further represented that the insurance company admitted liability only for the insured's disability prior to death, and that under the terms of the policy the accidental death provision did not apply in this case. The check was returned to Old Equity who, in turn, returned it to Dr. Haney. On March 5, 1969, Dr. Haney was appointed personal representative for the estate of Jessie Haney, and on that same date he filed suit in this cause against Old Equity.

The reason Dr. Haney delayed so long in bringing this action, according to his testimony, was that he relied on the language printed on the back of the policy which he read to mean that it would not be necessary to employ an attorney to pursue the claim and that the situation could not be considered "pressing." The language referred to is printed in bold-faced type on the back of the policy, and reads:

"IT IS UNNECESSARY to employ any person, firm, or corporation in collecting any of the benefits of this Policy. Communicate with the Home Office or the Agency, whose duty it is to serve without charge."

Also printed on the back of the policy in bold-faced type is the language "READ YOUR POLICY." Dr. Haney admitted that he did not read the standard provision which stipulated that any action on the policy must be brought within two years from the expiration of the time within which proof of loss is required by the policy (90 days from such loss).

While the trial court's judgment is not supported by any findings of fact or conclusions of law which would indicate upon what basis it made its decision, it would, nonetheless, appear that the court determined that the action should be dismissed because Dr. Haney failed to bring suit within the two year time period required in the policy. It would further appear that the court determined that the time limitation provision was valid and that the language on the back of the policy did not excuse Dr. Haney from bringing his cause of action within the stipulated time.

It is argued on appeal by Dr. Haney that the two year time limitation in the Old Equity policy violates IC 27-1-12-18, Ind. Ann. Stat. § 39-4207 (Burns 1965 Repl.) which provides that no life insurance policy shall limit the time within which any action may be commenced to less than three years after the cause of action shall accrue. It is further urged that because the two year limitation is void and thus the policy contains no time limitation, then IC 34-1-2-2, Ind. Ann. Stat. § 2-602 (Burns 1967 Repl.) is applicable which requires that

actions upon written contracts for the payment of money shall be commenced within ten years after the cause of action has accrued.

We are not persuaded by the arguments advanced on behalf of Dr. Haney that the Old Equity policy is a life insurance policy. To the contrary, we think the policy more correctly falls under the category of a health and accident policy, and as such was subject to the provisions of Ind. Ann. Stat. § 39-4306 (Burns 1940 Repl.)[1] which the legislature made applicable to policies of insurance "against loss or damage from sickness, or the bodily injury or *death* of the insured by accident." It is clear from the foregoing language that the legislature intended Burns § 39-4306 to apply to the type of policy issued to Jessie Haney by Old Equity. Burns § 39-4306 further provided that every such policy shall contain a standard provision limiting the time within which suit may be brought upon the policy as follows:

> "No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty [60] days after proof of loss has been filed in accordance with the requirements of this policy, nor shall action be brought at all unless brought within two [2] years from the expiration of the time within which proof of loss is required by the policy."

The time limitation provision, as heretofore set out, in the Old Equity is in verbatim conformity with the foregoing standard provision requirements of Burns § 39-4306, and as such was correctly found to be valid by the trial court.

Dr. Haney's next argument relates to the language in bold-faced type on the back of the policy which reads:

> "IT IS UNNECESSARY to employ any person, firm or corporation in collecting any of the benefits of this policy. Communicate with the Home Office or the Agency, whose duty it is to serve without charge."

---

1. Burns § 39-4306 was repealed in 1953 except as to policies issued prior to the effective date of the repealing act. The Old Equity policy was issued to the insured on March 15, 1950.

It is contended that this language induced Dr. Haney to not consider his pursuance of the claim as a "pressing" matter, and thereby resulting in his failure to bring a legal action on the policy within the applicable time limitation period. Dr. Haney further argues that the language is a part of the policy and as such should be strictly construed against the insurance company. In support of this argument we are cited to the case of *Hessler, Admr.* v. *Federal Casualty Co.* (1921), 190 Ind. 68, 129 N.E. 325, where a summary of the contents of an insurance policy, located on the back of the policy, was held to constitute a part of the policy and was considered in its construction. While there is a vague similarity between *Hessler, supra,* and the instant case, in that they both involve words printed on the back of an insurance policy, we find *Hessler,* distinguishable upon two bases: First, in *Hessler,* unlike the instant case, the insurance policy was found to be ambiguous and thus the court was compelled to construe its language. Secondly, and also unlike the instant case, the language on the back of the *Hessler* policy was in conflict with a limitation provision in the policy which attempted to reduce the coverage offered in the summary of the contents. The Old Equity policy in question here is neither ambiguous nor is the language on the back of the policy in conflict with the coverage offered within the policy.

A case more directly in point, as cited to us by Old Equity, is *Bozich* v. *Metropolitan Life Ins. Co.* (1942), 155 Kan. 573, 127 P. 2d 499, where it was held that a statement on the back of a life insurance policy that it was not necessary to employ an attorney or any other person to collect benefits under the policy was not part of the insurance contract. We are in agreement with the reasoning of the Kansas Supreme Court, and accordingly hold that the language on the back of the Old Equity policy was not a part of the insurance contract.

Moreover, we are unconvinced, nor has it been adequately argued to the contrary, that the language on the back of the

Old Equity policy is susceptible of any other reasonable interpretation than that once there had been a denial of benefits by the insurer to the claimant, as occurred in this case, it would then become necessary to seek legal aid in pursuing the claim. It is furthermore significant to note that also stated on the back of the policy is the admonition in bold-faced type "READ YOUR POLICY" which Dr. Haney admitted he did not do and was, therefore, unaware of the two year time limitation provision.

The final argument advanced on behalf of Dr. Haney, is that even if a time limitation period of less than ten years in which to bring an action on the policy was applicable, it did not commence to run until there was an estate and personal representative in existence, which did not occur until the same date this action was filed. In other words, the appointment of the personal representative relates back to the time of the decedent's death, and the statute of limitations was tolled during the interim period. A similar argument was made in *Hamrick* v. *Indianapolis Humane Society, Inc.* (S. D. Ind. 1959), 174 F. Supp. 403, aff'd 273 F. 2d 7, cert. den. 80 S. Ct. 671, 362 U.S. 919, 4 L. Ed. 2d 739, where the plaintiff delayed seventeen years before procuring appointment as trustee in order to bring suit against the defendant. In that case the district court recognized that:

> ". . . there is considerable authority to the effect that where a cause of action exists in favor of some person or persons, but such cause of action can only be commenced and maintained by some personal representative, such as an executor, trustee, guardian, receiver, etc., that the statutes of limitations will not begin to run against the persons having the cause of action until such personal representative is appointed by the court." 174 F. Supp. 409

However, the court refused to toll the statute of limitations in favor of the plaintiff on the theory that there was no reasonable justification for the delay in procuring appointment as trustee. The court stated:

"If the delay in appointment of the trustee was chargeable to the court or some other governmental agency over which the aggrieved person had no control, the statutes of limitation would be tolled during such delay. On the other hand, if the delay was due to the action or inaction of the complaining party, the statute will not be stayed. [Citations omitted]. A person who 'has it in his power to make his cause of action complete must do so within a reasonable time.' Jefferson County v. Summerville Borough Poor District, 25 Pa. Co. Ct. R. 374. The statute will not await the pleasure or convenience of the plaintiff." 174 F. Supp. 409

Also see: *Hanna, Administrator* v. *The Jeffersonville Railroad Company* (1869), 32 Ind. 113; *Matthews* v. *American Cent. Ins. Co.* (1897), 154 N. Y. 449, 48 N.E. 751. In the instant case, we have not been made aware of any legal or practical justification, other than Dr. Haney's inaction, for the unreasonable delay in procuring administration and bringing this action. Moreover, Dr. Haney had it within his power to make his cause of action complete within a reasonable time and failed to do so. Accordingly, we hold that the statute of limitations was not tolled and the trial court properly dismissed the action.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 295 N.E.2d 828.